HARDING, C.J.
We have before us amendments to Florida Rule of Criminal Procedure 3.851 proposed by the Supreme Court Committee on Postconviction Relief in Capital Cases. We have jurisdiction. See Art. V, § 2(a), Fla. Const. For the reasons expressed below and in our opinion in Allen v. But-terworth, 756 So.2d 52 (Fla.2000), which we also issue today, we propose amendments to rule 3.851, as well as amendments to rule 3.852, rule 3.993, and the Rules of Judicial Administration, which we believe address this Court’s concerns as well as effectuate the Legislature’s intent as expressed in the Death Penalty Reform Act of 2000. See ch. 2000-3, Laws of Fla.; Fla. CS for HB 1-A (2000).
*489 In drafting these proposed rules, we have sought to identify and eliminate those capital postconviction procedures that have historically created unreasonable delays in the process, while still maintaining quality and fairness. For example, our proposals require an evidentiary hearing on the initial motion for postconviction relief. In light of the large number of summary denials of initial motions which the Court has been compelled to reverse under the current rules, we believe this change will reduce unwarranted delay in many cases. See Allen, 756 So.2d at 67. We also have provided for appointment of collateral counsel immediately after the death penalty is imposed. This change in rule 3.851, in combination with the proposed amendments to rule 3.852, will allow counsel to begin investigating postconviction claims while the direct appeal is proceeding and should eliminate much of the delay caused by the public records production process. Although the postconviction process will begin earlier than it currently does, we are actually lengthening the time postconviction counsel has to prepare. Under our proposals, counsel, who will be appointed immediately after the death sentence is imposed, will have until shortly after this Court’s mandate issues in which to prepare and file the postconviction motion.
Overall, our proposals attempt to strike a balance between the State’s and the public’s legitimate interest in the prompt and efficient processing of capital cases and this Court’s duty to ensure that such cases are processed in a fair, just, and humane manner that conforms to constitutional requirements. See Allen, 756 So.2d at 65. Our proposals recognize both the necessity for a fair and efficient process and this Court’s obligation to ensure that the courts of this state are available to grant relief for meritorious claims.
I. Background
This Court originally created and charged the Supreme Court Committee on Postconviction Relief in Capital Cases (the Morris Committee), which is chaired by Judge Stan R. Morris and comprised of judges with capital trial experience, to address the production of public records in capital postconviction proceedings. See Amendments to Fla. Rules of Crim. Pro. — Rule 3.852, 723 So.2d 163 (Fla.1998). By order dated March 31, 1999, the Court reconstituted the Morris Committee and asked it to assist the Court in developing a case management plan for capital postcon-viction relief and to recommend amendments to Florida Rules of Criminal Procedure 3.850 and 3.851 which would improve these procedures. In response to that charge, the Morris Committee filed its report with the Court on September 30, 1999, proposing the amendments to rule 3.851 at issue here. A roundtable discussion of the proposals attended by attorneys and judges experienced in capital postconviction proceedings was conducted at the Court in December 1999.
While the Court was considering the Morris Committee’s report, the Florida Legislature passed the Death Penalty Reform Act of 2000 (DPRA), which became effective on January 14, 2000. The DPRA significantly altered Florida’s capital post-conviction court procedures. Most notably, the DPRA created a postconviction process in capital cases that runs almost parallel with the direct appeal proceedings. See ch. 2000-3, § 6, Laws of Fla.; Fla. CS for HB 1-A, § 6, at 15-19 (creating section 924.056, Florida Statutes). The Legislature also repealed rules 3.851 (Collateral Relief After Death Sentence Has Been Imposed), and 3.852 (Capital Postconviction Public Records Production), as well as rule 3.850 (Motion to Vacate, Set Aside, or Correct Sentence) to the extent that it is inconsistent with the DPRA. See ch. 2000-3, § 10, Laws of Fla.; Fla. CS for HB 1-A § 10, at 25. To replace the rules, the Legislature specifically created sections 924.058 and 924.059, Florida Statutes, “to regulate the procedures in actions for capital postconviction relief ... unless and until such procedures are revised by rule or rules adopted by the Florida Supreme *490 Court which specifically reference this section.” See ch. 2000-3, §§ 8-9, Laws of Fla.; Fla. CS for HB 1-A §§ 8-9, at 21-22.
Constitutional challenges were immediately filed contesting the imposition of legislative rules to our court procedures, and confusion arose in the trial courts as to what rules applied to pending and new cases. To avoid a crisis resulting from the confusion that was caused by the new legislation and the numerous constitutional challenges thereto, and in response to the Legislature’s request to adopt new rules, this Court readopted rules 3.850, 3.851, and 3.852 on a temporary basis in order to allow the Court adequate time to consider the challenges to the DPRA. See In re Rules Governing Capital Postconviction Actions, 763 So.2d 273 (Fla.2000). After readopting the rules on an emergency basis, the Court also published the Morris Committee’s proposed amendments to rule 3.851 for comment and invited comments concerning the effect of the DPRA on the proposed amendments. The Court heard oral argument on the Morris Committee’s proposals on the same day it heard arguments on the challenges to the DPRA. By separate opinion, we have found most of the provisions of the DPRA to be invalid because they violate the constitutional separation of powers and this Court’s constitutional rule-making responsibility. See Allen, 756 So.2d at 54, 64.
Although we find it necessary to alter the Morris Committee’s proposal, the Committee’s diligent efforts provide the foundation for our proposed rules. We take this opportunity to commend and thank the Committee for its extraordinary efforts in respect to these procedures.
II. The Court’s Proposed Amendments
After considering the Morris Committee’s proposal, the comments filed in this case, the Legislature’s dual-track scheme, and the challenges to the legislative scheme, we propose the attached amendments to rules 3.851, 3.852, 3.993, and the Rules of Judicial Administration. Together, these proposed amendments create a dual-track system similar to that enacted by the Legislature, and we have modeled our proposed time periods for capital post-conviction public records production very closely after section 3 of the DPRA.
Most significantly, under our proposed new rules the postconviction process will begin immediately after the imposition of the death sentence. Within fifteen days after imposition of the death sentence, collateral counsel will be appointed under proposed rule 3.851 and the production of public records will begin under proposed rule 3.852. This will allow postconviction counsel the opportunity to immediately begin the investigation of the case and have access to the necessary public records.
Unlike the Legislature’s dual-track scheme, however, under our proposal, the defendant will not be required to file a motion for postconviction relief until after this Court issues its mandate on direct appeal.[1] While we agree with the wisdom of appointing postconviction counsel immediately upon imposition of the death sentence, we envision potential constitutional dilemmas if the defendant is required to file the postconviction motion prior to this Court’s decision on direct appeal when the *491 outcome of the appeal may moot the necessity of such a motion. Further, not only would this early filing create conflict of interest and privilege problems, but it would also deprive postconviction counsel of the opportunity to examine this Court’s direct appeal opinion, which is often the “road map” that determines the issues that should be raised in a proper postconviction motion. Our proposal will allow collateral counsel adequate time to evaluate all potential postconviction claims, including ineffective assistance of trial counsel, which oftentimes only become apparent after this Court’s decision on direct appeal. In addition, according to the statements of several attorneys and judges who appeared at oral argument, the requests for public records and the litigation that follows is the single biggest cause for delay in the current system. Under our proposed rules, the issue of public records should be resolved well before the postconviction motion is due to be filed in the circuit court.
However, as discussed in Allen, 756 So.2d at 65-66, there is a serious problem in the DPRA’s handling of public records production which would preclude collateral counsel from effectively investigating potential postconviction claims immediately upon appointment. This is the result of two exemptions to chapter 119 disclosure, specifically section 119.07(3)(b), Florida Statutes (1999), which exempts “active criminal investigative information,” and section 119.07(3)(i), which exempts records prepared by an agency attorney exclusively for civil or criminal litigation until the conclusion of litigation. See also § 119.011(3)(d)(2), Fla. Stat. (1999) (providing that criminal investigative information is considered “active while such information is directly related to pending prosecutions or appeals ”) (emphasis added). In State v. Kokal, 562 So.2d 324, 326-27 (Fla.1990), this Court explained that these statutory exemptions do not end until the conviction and sentence become final after direct appeal.
The State candidly conceded at oral argument that in order for the Legislature’s dual-track system to work properly, public records must be disclosed soon after the imposition of the death sentence, rather than upon issuance of this Court’s mandate on direct appeal, which would necessitate the abrogation of the exemptions recognized in Kokal. Likewise, under our proposal, public records production must be required soon after the death sentence is imposed, in order to ensure that counsel has adequate time to review the records and that all disputes involving records production are resolved prior to the filing of the initial postconviction motion.
Recognizing that the aims of our proposed amendments cannot be achieved if the above referenced exemptions remain in place, we call this problem to the attention of the Legislature and seek assistance as to its resolution. As long as this statutory exemption remains, any rule we adopt will have to provide for an extension of the period for filing an initial postconviction motion in order to allow collateral counsel adequate time to receive and review public records before the initial postconviction motion must be filed.
Another important feature of our proposal is the provision addressing eviden-tiary hearings on initial postconviction motions. As previously noted, we have identified the denial of evidentiary hearings as the cause of unwarranted delay, and we believe that in most cases, requiring an evidentiary hearing on initial post-conviction motions will avoid that delay.[2] *492 We further believe that the motion should give adequate notice of the issues requiring an evidentiary hearing. Accordingly, our proposal specifically requires that the motion contain a list of the claims on which an evidentiary hearing is requested.
We have also identified the transcription of trial proceedings and evidentiary hearings as a significant source of delay in capital cases. Accordingly, we have proposed an amendment, which likely should be included in the Rules of Judicial Administration, which requires real-time transcription for all trials in which the State seeks the death penalty. We believe that the mandatory use of this advanced technology is necessary to enable counsel and the courts to meet the stringent time limitations imposed by the proposed amendments.
While the Morris Committee’s proposals have provided the foundation for our proposed rules, we have not imposed the requirement that federal discretionary remedies be pursued concurrently with state postconviction remedies. This Court simply does not have authority to direct when a defendant must seek federal relief. Moreover, in adopting our rules we recognize that the state courts bear the primary responsibility for reviewing postconviction claims, and the federal courts generally will defer to the state court’s factual determinations on those claims. See H.R. Conf. Rep. No. 104-518, at 111 (1996) (recognizing that one purpose of the Antiterrorism and Effective Death Penalty Act was to “provide[ ] for the exhaustion of state remedies and require[ ] deference to the determinations of state courts that are neither ‘contrary to,’ nor an ‘unreasonable application of,’ clearly established federal law”).
In addition, while the issue of successive motions is of great concern to this Court, we decline to alter the present standards for reviewing newly discovered evidence claims and alleged Brady[3] violations raised in successive postconviction motions for those who have been sentenced to death.[4] As noted in Allen, 756 So.2d at 54, changing the applicable standard only as to capital defendants would be a violation of the Equal Protection Clause.
III. Impact of Proposed Rules
We also recognize that the dual-track system we propose, if adopted, will require additional judicial resources, as well as additional resources for the Capital Collateral Regional Counsel and. the State. This is a matter requiring the attention of the Legislature. When this Court first adopted rule 3.851, it stated in the commentary that
[i]n the event the capital collateral representative is not fully funded and available to provide proper representation for all death penalty defendants, the re *493 duction in the time period [for filing initial postconviction motions from two years to one year] would not be justified and would necessarily have to be repealed, and this Court will forthwith entertain a petition for the repeal of the rule.
See In re Rule of Criminal Procedure 3.851, 626 So.2d 198, 199 (Fla.1993). Adequate funding, likewise, is necessary if the proposed dual-track system is to work. See Allen, 756 So.2d at 65-66. The judicial system, whose resources are already taxed, will be particularly impacted by the proposed rules. Therefore, we will ask the chief judges of the circuit courts to evaluate the impact of the new rules and to report to the Chief Justice within a specified period after their adoption.
IV. Comments Requested
Accordingly, we issue the attached proposed amendments for comments. The proposed amendments will be published in The Florida Bar News, and interested persons shall have until June 1, 2000, in which to file comments with the Court. We ask the Florida Bar Criminal Procedure Rules Committee to review the proposed rules and offer both substantive and technical suggestions. We also ask the Morris Committee to reconvene to consider our proposals and offer any comments or suggestions it might have.
We specifically seek comments as to the proper and practical application of these rules to defendants in the various stages of the appellate and postconviction process. We are particularly concerned that changing the applicable time periods and procedures while the postconviction process is underway will only cause more confusion and delay. Therefore, we seek comments as to which of the proposed provisions can be applied to defendants who were sentenced prior to the effective date of the rule, including, but not limited to: (1) those for whom counsel has not been appointed as of the effective date; (2) those who have had collateral counsel appointed but who have not yet filed a postconviction motion; and (3) those who have had counsel appointed and have postconviction motions pending.
We also welcome comments from the Rules of Criminal Procedure Committee, the Morris Committee and the Rules of Judicial Administration Committee regarding the substance and appropriate placement of the proposed amendment concerning real-time transcription in capital cases. Finally, we recognize that the proposed rules will place stringent time limits on both trial judges and attorneys and that these time limits could disrupt other matters before the court and obligations of the attorneys. However, we know of no way to efficiently adjudicate these cases without giving them such priority status. Therefore, we also welcome comments on the reasonableness and impact of the time periods contained in our proposals. Once comments are received, we intend to consider them and adopt the new rales in an expedited manner. However, in the interim, the current rules shall continue to govern all capital postconviction proceedings and public records production. See Allen, 756 So.2d at 65 (holding that the repealed rules are reinstated).
It is so ordered.
SHAW, WELLS, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
APPENDIX
[current rule 3.851 deleted; the following language added]
Rule 3.851. Collateral Relief After Death Sentence Has Been Imposed And Affirmed On Direct Appeal
(a) Scope and Purpose.
This rule shall apply to all motions and petitions for any type of postconviction or collateral relief brought by defendants in state custody who have been sentenced to death and whose conviction and death sen *494 tence have been affirmed on direct appeal. A defendant under sentence of death imposed by a court established by the laws of Florida claiming the right to be released on the ground that the judgment was entered or that the sentence was imposed in violation of the Constitution or laws of the United States or of the State of Florida, that the court was without jurisdiction to enter the judgment or to impose the sentence, that any plea was given involuntarily, or that the judgment or sentence is otherwise subject to collateral attack may move, in the court that entered the judgment or imposed the sentence, to vacate, set aside, or correct the judgment or sentence. The purpose of this rule is to provide the means by which a defendant under sentence of death can raise claims of error which were unavailable at the time of trial or direct appeal. Unless otherwise provided herein, a defendant who had postconviction counsel appointed prior to the effective date of this rule shall proceed in accordance with the rules in effect at the time counsel was appointed.
(b) Appointment of Postconviction Counsel.
(1) Within 15 days after sentencing a defendant to death, the sentencing court shall issue an order appointing the appropriate office of the Capital Collateral Regional Counsel.
(2) In cases in which the death sentence has been imposed prior to the effective date of this rule but postconviction counsel has not been appointed, the chief judge of the circuit court in which the defendant was sentenced shall appoint the appropriate office of the Capital Collateral Regional Counsel by 30 days after the effective date of this rule.
(3) Within 30 days from the appointment, the Capital Collateral Regional Counsel shall file a notice of appearance in the trial court or a motion to withdraw based on a conflict of interest or some other legal ground.
(4)Within 15 days after the Capital Collateral Regional Counsel files a motion to withdraw, the chief judge or assigned judge shall appoint new postconviction counsel.
(c) Preliminary Procedures.
(1) Judicial Assignment. Upon appointment of postconviction counsel, the chief judge shall assign the case to the judge who presided over the defendant’s capital trial if that judge is active and otherwise available to serve or a trial judge qualified to conduct capital proceedings under the Rules of Judicial Administration.
(2) Status Conferences. The assigned judge shall conduct a status hearing not later than 90 days after the assignment, and shall hold status conferences at least every 90 days thereafter until the eviden-tiary hearing has been completed or the motion has been ruled on without a hearing. The attorneys may appear by telephone at such status conferences, with leave of the trial court. Such requests shall be liberally granted. Pending motions, except those requiring the presence of the defendant, and disputes involving public records, shall be heard at the status conferences, unless otherwise ordered by the court.
(3) Trial Record. The clerk of the trial court shall serve copies of the trial record on postconviction counsel, the state attorney, and the attorney general at the time the clerk serves copies of the record pursuant to rule 9.140(e)(4).
(4) Duties of Defense Counsel and Prosecuting Attorney. Within 15 days of appointment of postconviction counsel, the defendant’s trial counsel shall provide to postconviction counsel all information pertaining to the defendant’s capital case which was obtained during the representation of the defendant. Postconviction counsel shall maintain the confidentiality of all confidential information received. Within 15 days of appointment of postcon-viction counsel, the state attorney’s office that prosecuted the defendant shall pro *495 vide to postconviction counsel copies of all pretrial and trial discovery and all contents of the state’s file, except for information that the prosecuting attorney has a legal right under state or federal law to withhold from disclosure.
(5) Defendant’s Presence Not Required. The defendant’s presence shall not be required except at the evidentiary hearing on the merits of any claim and at any hearing involving conflict with or removal of collateral counsel.
(d) Time Limitations.
(1)Initial Postconviction Motions. A motion filed under this rule is an initial postconviction motion if no court has previously ruled on a postconviction motion challenging the same judgment and sentence.
(A)Time for Filing. An initial motion to vacate judgment of conviction and sentence of death shall be filed by a defendant who is sentenced to death on or after the effective date of this rule within 180 days after the judgment and sentence become final. A defendant who was sentenced to death and did not have postconviction counsel appointed before the effective date of this rule shall file an initial postconviction motion within 180 days after the judgment and sentence become final or one year of the appointment of postconviction counsel under subdivision (b)(2), whichever occurs last. An initial motion shall not be filed or considered beyond the time limitation of this subdivision unless an extension has been granted by the trial judge or the motion alleges that:
(i) the facts on which the claim is predicated were unknown to the defendant or the defendant’s attorney and could not have been ascertained by the exercise of due diligence;
(ii) the fundamental constitutional right asserted was not established within the period provided for by this rule and has been held to apply retroactively; or
(iii)the defendant retained counsel to timely file a 3.851 motion and counsel, through neglect, failed to file the motion.
(B) Finality. For the purposes of this rule, a judgment is final when the Florida Supreme Court issues a mandate affirming the judgment and sentence of death on direct appeal. The availability of or the filing of a petition for writ of certiorari in the United States Supreme Court shall not affect the finality of the judgment and sentence. However, if the United States Supreme Court accepts certiorari, then the judgment and sentence is final upon disposition of the petition for writ of certiorari by the United States Supreme Court.
(C) Extensions. An extension of time to file an initial postconviction motion may be granted by the circuit court only upon a showing that a manifest injustice would result absent such relief and that counsel’s inability to timely file the motion is not the result of lack of cooperation by the defendant or lack of due diligence on the part of counsel.
(2) Extraordinary Remedies. Any petition for habeas corpus claiming ineffective assistance of appellate counsel shall be filed in the Supreme Court of Florida simultaneously with the initial brief filed on behalf of the death-sentenced defendant in the appeal of the circuit court’s order on the initial motion for postconviction relief filed under this rule.
(3) The time limitations in this subdivision are established with the understanding that each defendant sentenced to death will have counsel appointed and available to begin addressing the defendant’s post-conviction issues within the time periods provided in subdivision (b) of this rule.
(e) Contents of Motion.
A motion filed under this rule shall not exceed 50 pages exclusive of attachments, including the judgment and sentence and exhibits. The motion shall be under oath and shall include:
*496 (1) the judgment and sentence under attack and the court which rendered the same;
(2) a statement of each issue raised on appeal and the disposition thereof;
(3) if a previous postconviction motion has been filed, the disposition of all previous claims raised in postconviction litigation and the reason or reasons the claim or claims in the present motion were not raised in the former motion or motions;
(4) the nature of the relief sought;
(5) a detailed allegation of the factual basis for any claim for which an evidentia-ry hearing is sought; and
(6) a detailed allegation as to the basis for any purely legal or constitutional claim for which an evidentiary hearing is not required and the reason that this claim could not or was not raised on direct appeal.
The motion shall be accompanied by a separate memorandum of law not to exceed 25 pages as to the applicable case law supporting the granting of relief as to each separately-pled claim. As to claims that were raised on appeal or should have or could have been raised on appeal, the memorandum shall contain a brief statement as to why these claims are being raised on postconviction relief.
(f) Procedure; Evidentiary Hearing; Disposition.
(1) Filing and Service. All pleadings in the postconviction proceeding shall be filed with the clerk of the court and served on the assigned judge, opposing party and the attorney general. Upon the filing of any original court paper in the postconviction proceeding, the clerk of the court shall determine that the assigned judge has re-' ceived a copy. All motions other than the postconviction motion itself shall be accompanied by a notice of hearing.
(2) Duty of Clerk. Upon the filing of a motion for postconviction relief, the clerk of court shall immediately forward the motion and file to the assigned judge.
(3) Answer. Within 45 days of the filing of an initial motion, the state shall file its answer. The answer shall not exceed 50 pages exclusive of attachments and exhibits. The answer shall address the legal insufficiency of any claim in the motion, respond to the allegations of the motion and address any procedural bars. As to any claims of legal insufficiency or procedural bar, the state shall include a short statement of any applicable case law.
(4) Amendments. An initial motion filed under this rule may be amended up to 30 days prior to the evidentiary hearing upon motion and good cause shown. The trial court may in its discretion grant a motion to amend provided that the motion sets forth the reason the claim was not set forth earlier and attaches a copy of the claim sought to be added. Granting a motion under this subdivision shall not be a basis for granting a continuance of the evidentiary hearing unless a manifest injustice would occur if a continuance was not granted. If amendment is allowed, the state shall file an amended answer within 20 days after the amended motion is filed.
(5) Case Management Conference. Within 30 days after the state files its answer to an initial motion, the trial court shall hold a case management conference. At the case management conference, both parties shall disclose all documentary exhibits they intend to offer at the evidentia-ry hearing; provide an exhibit list that includes all such exhibits; and exchange a witness list with the names and addresses of any potential witnesses. All expert witnesses shall be so designated with copies of all expert reports attached. The trial court also shall:
(A) review the witness and exhibit lists with the parties;
(B) schedule an evidentiary hearing, to be held within 90 days, on claims listed by the defendant as requiring a factual determination; and
*497 (C) hear argument on any purely legal claims not based on disputed facts.
(6) Amendment of Witness or Exhibit Lists. Prior to the evidentiary hearing, the trial court may grant leave of either party to amend the exhibit or witness list upon a showing of good cause.
(7) Mental Health Expert. If the defendant intends to offer expert testimony of his or her mental status, the state shall be entitled to have the defendant examined by its own mental health expert. If the defendant fails to cooperate with the state’s expert the court may, in its discretion, proceed as provided in rule 3.202(e). Reports provided by any expert witness shall be disclosed to opposing counsel upon receipt.
(8) Transcript and Final Order. Immediately following the evidentiary hearing, the court shall order a transcript of the hearing which shall be filed within 30 days. Within 30 days of receipt of the transcript, the court shall render its order, ruling on each claim considered at the evidentiary hearing and all other claims raised in the motion making detailed findings of fact and conclusions of law with respect to each claim, and attaching or referencing such portions of the record as are necessary to allow for meaningful appellate review. The order issued after the evidentiary hearing shall resolve all the claims raised in the motion and shall be considered the final order for purposes of appeal. The clerk of the court shall promptly serve upon all parties a copy of the final order, with a certificate of service.
(9) Rehearing. No motion for rehearing shall be permitted.
(g) Successive Motions. This subdivision applies to all successive postconviction motions filed after the effective date of this rule. A motion filed under this rule is successive if a court has previously ruled on a postconviction motion challenging the same judgment and sentence. Successive motions pending on (the effective date) are governed by the rules in effect prior to that date.
(1) Contents of Motion. A successive motion shall not exceed 25 pages, exclusive of attachments, and shall include all of the pleading requirements of an initial motion and, if based upon newly discovered evidence, Brady, or Giglio, also contain the following:
(A) the names, addresses and telephone numbers of all witnesses supporting the claim together with any affidavits obtained by defendant from such witnesses;
(B) a statement that the witness will be available to testify under oath to the facts alleged in the motion or affidavit;
(C) if evidentiary support is in the form of documents, copies of all documents shall be attached; and
(D) as to any witness or document listed in the motion or attachment to the motion, a statement of the reason why the witness or document was not previously available.
(2) Answer. Within 10 days of the filing of a successive motion, the state shall file its answer. The answer shall not exceed 25 pages exclusive of attachments and exhibits. The answer shall specifically respond to each claim in the motion and state the reason(s) that an evidentiary hearing is or is not required.
(h) Appeals.
An appeal may be taken to the Supreme Court of Florida within 30 days from the entry of a final order on a motion for postconviction relief.
[deletions are indicated by struck-through type; new language is underscored]
Rule 3.852 Capital Postconviction Public Records Production
(a) Applicability and Scope.
(1) This rule is applicable only to the production of public records for capital postconviction defendants and does not change or alter the time periods specified in Florida Rules of Criminal Procedure 3.850-and 3.851. Furthermore, this rule *498 does not affect, expand, or limit the production of public records for any purposes other than use in a proceeding held pursuant to rule-gT850-or- rule 3.851.
(2) This rule shall not be a basis for renewing requests that have been initiated previously or for relitigating issues pertaining to production of public records upon which a court has ruled prior to October 1,1998(effective date of rule).
(3) This rule is to be used in conjunction with the forms found at Florida Rule of Criminal Procedure 3.993.
(b)Definitions.
(1) “Public records” has the meaning set forth in section 119.011(1), Florida Statutes (1997).
(2) “Trial court” means:
(A) the judge who imposed the sentence of death; or
(B) the judge assigned by the chief judge pursuant to rule 3.851.
(3) “Records repository” means the location designated by the secretary of state pursuant to section 119.19(2), Florida Statutes — (S«gpJr998), for archiving capital postconviction public records.
(4) “Collateral counsel” means a capital collateral regional counsel from one of the three regions in Florida; a private attorney who has been appointed to represent a capital defendant for postconviction litigation; or a private attorney who has been hired by the capital defendant or who has agreed to work pro bono for a capital defendant for postconviction litigation.
(5) “Agency” and “person” mean an entity or individual as defined in section 119.011(2), Florida Statutes (1997), that is subject to the requirements of producing public records for inspection under section 119.07(l)(a), Florida Statutes- (1997).
(6) “Index” means a list of the public records included in each container of public records sent to the records repository, or to the clerk of court.
(c) Filing and Service.
(1) The original of all notices, requests, or objections filed under this rule must be filed with the clerk of the trial court. Copies must be served on the trial court, the attorney general, the state attorney, collateral counsel, and any affected person or agency, unless otherwise required by this rule.
(2) Service shall be made pursuant to Florida Rule of Criminal Procedure 3.030(b).
(3) In all instances requiring written notification or request, the party who has the obligation of providing a notification or request shall provide proof of receipt.
(4) Persons and agencies receiving post-conviction public records notifications or requests pursuant to this rule are not required to furnish records filed in a trial court prior to the receipt of the notice.
(d) Action Upon Issuance of Mandate Imposition of Death Sentence.
(1) Within 15 days after receiving written-notification of the Supreme Court of Florida’s mandate affirming the sentence of-death, the attorney ■ general shall file with the trial court-a written notice of the mandate-and-serve a copy of-it- upon the state.attorney who prosecuted the case, the Depantmenb-of -Corrections, and the defendant’s trial counsel. — The notice to the state-attorney shall direet-the state attorney to submit-public records to the records repository-■within 90 days after receipt of written notification and to notify eaeh-4aw-enforcement agency--involved- in the-lnvestigation of the capital offense to submit publfc-reeordsa sentence of death is imposed, the state attorney who prosecuted the case shall provide written notice to each law enforcement agency involved in the investigation of the capital case and the Department of Corrections. The notice shall direct the agencies and the department to submit public records to the records repository or, if the records are confidential or exempt, the clerk of the court in the county in which the capital *499 case was tried within @060 days after receipt of written notification the notice. If available, the notice shall include the defendant’s date of birth, sex, race, and police-case numbers included in the state attorney’s file. The notice to the Department of Corrections shall- direct the-department to submit public-records to the records repository within-90 days-after receipt of written notification.
(2) Within 9060 days after receiving written notification of issuance of the -Supreme Court of Florida’s-mandate-affirming a death sentence a sentence of death is imposed, the state attorney who prosecuted the case shall:
(A) copy, index, and deliver to the records repository, or if the records are confidential or exempt from disclosure, to the clerk of the court in the county in which the capital case was tried all public records that were produced in the state attorney’s investigation or prosecution of the case, and;
(B) provide written notification to the attorney general of compliance with subdivision (A), certifying that, to the best of the state attorney’s knowledge or belief, all public records in the state attorney’s possession have been copied, indexed, and delivered to the records repository, or if the records are confidential or exempt, to the clerk of the court in the county in which the capital case was tried; and bear the costs of compliance with this subdivision;
(C) provide written notification to the attorney general of the name and address of any additional person or agency that has public-rec-ordsinformation pertinent to the case which has not previously been provided to collateral counsel.
(3) Within 9060 days after receiving written notification of issuance of the Supreme Court of Florida’s-mandate -affirming .a death sentencea sentence of death is imposed, the defendant’s trial counsel shall provide written notification to the attorney general of the name and address of any additional person or agency with information pertinent to the case which has not previously been provided to collateral counsel.
(4)Within 15 days after receiving written notification of any additional person or agency pursuant to subdivision (d)(2) or (d)(3) of this rule, the attorney general shall notify all persons or agencies identified pursuant to subdivisions (d)(2) or (d)(3) that these persons or agencies are required by section 119.19(65 )(b), Florida Statutes (Supp.1998), to copy, index, and deliver to the records repository, or if the records are confidential or exempt, to the clerk of the court in the county in which the capital case was tried all public records pertaining to the case that are in their possession. TheEach person or agency shall bear the costs related-to copying, indexing, and delivering the recordsof its own compliance.
(e) Action Upon Receipt of Notice — of Mandate.
(1) Within -15 days after — receipt of — a written-notice of the mandate from the attorney-generalrthe state attorney shall provide — written-notification- to each law-enforcement agency involved-in the specific case to -submit public records to the records-repository within. 90- days after receipt-of-written notification. A copy of the-notice shall be served upon the defendant’s-trial counsel.
(2) Within — 90 days after receipt of a written notice of the mandate from--fee attorney general, the state- attorney shall copy — index,.and deliver — to-the -records repository all public records-that were-produced in-the-state attorney’s investigation or prosecution of the case. The state attorney shall bear the costs. — The state attorney shall also provide written notification to the-attorney general -of-compliance with this section-p-including certifying that, to the best-of the state attorney’s knowledge or belief, all public records — in the-state attorney’s possession have been copied, -in-dexedj-and delivered to the records repository as-required by this rulev
*500 (31) Within 9060 days after receipt of written notification of the mandateimposition of sentence from the attorney gener-alstate attorney, the Department of Corrections shall copy, index, and deliver to the records repository or, if the records are confidential or exempt, to the clerk of the court in the county in which the capital case was tried all public records determined by the department to be relevant to the subject matter of a proceeding under rule 3.850 or rule 3.851, unless such copying, indexing, and delivering would be unduly burdensome. The department shall bear the costs. The secretary of the department shall provide written notification to the attorney general of compliance with this seetionsubdivision, certifying that, to the best of the secretary of the department’s knowledge or belief, all such public records in the possession of the secretary of — the department have been copied, indexed, and delivered to the records repository or, if the records are confidential or exempt, to the clerk of the court in the county in which the capital case was tried.
(42) Within 9060 days after receipt of written notification of the mandateimposition of sentence from the state attorney, a law enforcement agency shall copy, index, and deliver to the records repository or, if the records are confidential or exempt, to the clerk of the court in the county in which the capital case was tried all public records which were produced in the investigation or prosecution of the case. Each agency shall bear the costs of its own compliance. The chief law enforcement officer of each law enforcement agency shall provide written notification to the attorney general of compliance with this seetionsubdivision,.including certifying that, to the best of the chief law enforcement officer’s knowledge or belief, all such public records in possession of the agency or in possession of any employee of the agency, have been copied, indexed, and delivered to the records repository or, if the records are confidential or exempt, to the clerk of the court in the county in which the capital case was tried.
(53) Within 9960 days after receipt of written notification of the-mandate from the attorney general pursuant to subdivision (d)(4) of this rule, each additional person or agency identified pursuant to subdivision (d)(2) or (d)(3) of this rule shall copy, index, and deliver to the records repository all public records which were ■produced during the-prosecution ofpertain to the case, except those which have been previously provided to collateral counsel. TheEach person or agency shall bear the costs of its own compliance. The person or agency shall provide written notification to the attorney general of compliance with this subdivision and shall certify, to the best of the person or agency’s knowledge and belief, all such public records in the possession of the person or agency, except those which have been previously provided to collateral counsel, have been copied, indexed, and delivered to the records repository or, if the records are confidential or exempt, to the clerk of the court in the county in which the capital case was tried.
(f) Exempt or Confidential Public Records.
(1) Any public records delivered to the records — repository—pursuantsubject to these rules that are confidential or exempt from the requirements of section 119.07(1), Florida Statutes, or article I, section 24(a), Florida Constitution, must be separately contained, without being redacted, and sealed. The container must be delivered to the clerk of court in the county in which the capital case was tried. The outside of the container must clearly identify that the public record is confidential or exempt and that the seal may not be broken without an order of the trial court. The outside of the container must identify the nature of the public records and the legal basis for the exemption.
(2) -U-pon ■ the entry of-an.appropriate court order, sealed containers-subject to an-i-nspection by the trial eourt-shall be sfaipped-to the clerk of court. The contain *501 ers may be opened only for inspection by the trial court in camera. The moving party shall bear all-costs associated-with the transportation- and inspection of-suefa records by the trial-court. The trial court shall perform the unsealing and inspection without ex parte communications and in accord with procedures for reviewing sealed documents.
(g) Upon Designation of Collateral Counsel.
(1)Within @f>180 days after collateral counsel is appointed, retained, or appears pro bono, or at such later time as may be set by the trial court, such counsel shall may send a written demand for additional public records to each person or agency submitting public records or identified as having information pertinent to the case under subdivisions (d)(2) or (d)(3) of this rule. If the written demand includes requests for records associated with particular named individuals, the demand shall also include:
(A) a brief statement describing each named person’s role in the capital case and relationship to the defendant; and
(B) the race, sex, and date of birth of each named person, if collateral counsel has such information.
(2)Within @660 days of receipt of the written demand, each person or agency notified under this subdivision shall deliver to the records repository or, if the records are confidential or exempt, to the clerk of the court in the county in which the capital case was tried any additional public records in the possession of the person or agency that pertain to the case and shall certify to the best of the person or agency’s knowledge and belief that all additional public records have been delivered to the records repository? or, if the records are confidential or exempt, to the clerk of the court in the county in which the capital case was tried. If no additional public records are found, the person or agency shall recertify that the public records previously delivered are complete.
(3)Within 6625 days of receipt of the written demand, any person or agency may file with the trial court an objection to the written demand described in subdivision (g)(1). The trial court shall hold a hearing and issue a ruling within 36 days after the filing of any objection, ordering a person or agency to produce additional public records if the court determines each of the following exists:
(A) Collateral counsel has made a timely and diligent search as provided in this rule.
(B) Collateral counsel’s written demand identifies, with specificity, those additional public records that are not at the records repository.
(C) The additional public records sought are relevant to the subject matter of a proceeding under rule 3.856 or-r-ule-3.851, or appear reasonably calculated to lead to the discovery of admissible evidence.
(D) The additional public records request is not overly broad or unduly burdensome.
(h) Cases in Which Mandat» was Issued Death Sentence was Imposed Prior to Effective Date of Rule.
(1) If the mandate -affirming a ■ defendant’s-eonviction- and sentence of death was-issued prior-to October 1, 1998, and no initial public records requests have been made by collateral counsel by that-date, the attorney general and-the state attorney shall file notifications with the trial court-as- required by subdivisions ■ (d-)- and (e) of this rule.In cases in which the death sentence has been imposed but collateral counsel has not been appointed, been retained, or appeared pro bono prior to [effective date of rule], the time periods for providing written notification pursuant to subdivisions (d)(1), (d)(2), and (d)(3)of this rule shall run from the date collateral counsel is appointed pursuant to rule 3.851, retained, or appears pro bono.
*502 (2) If on October 1, 1998, a defendant is represented-b-y-eollatenal-Gounsel-and-has initiated the public records-process-c-ol-lat-eral counsel shalI--within--9Q — days after October - lr 1998, or within 90 days after the production of-reeorde-wMc-h-were- requested-prior-to October 1, 1998, whichev-e-r-i-s- later, file with the trial court — and-serve a written demand-for-any additional public — records that have — not—previous^ been the subject -of-a -request--for public ■records: — The reque-s-O-for-these-records shall--be treated the-same-as a request ■pursuant to subdivisiens-(d-)(3)-and (d)(4) of this rule, and the-records shall-be copied, indexed-,-and- delivered to the-repository as required in subdivision (e)(5) of this rule. In cases in which the death sentence has been imposed and collateral counsel has been appointed, been retained, or appeared pro bono prior to [effective date of rule], public records production shall be governed by the rules in effect prior to that date-
18) (i) After Death Warrant Signed.
(1) Within 10 days of the signing of a defendant’s death warrant, collateral counsel may request in writing the production of public records from a person or agency from which collateral counsel previously requested public records. A person or agency shall copy, index, and deliver to the repository any public record:
(A) that was not previously the subject of an objection;
(B) that was received or produced since the previous request; or
(C) that was, for any reason, not produced previously.
The person or agency providing the records shall bear the costs of copying, indexing, and delivering-such records. If none of these circumstances exist, the person or agency shall file with the trial court and serve on the parties an affidavit stating that no other records exist and that all public records have been produced previously. A person or agency shall comply with this subdivision within 10 days from the date of the written request or such shorter time period as is ordered by the court.
(4)(j) Proof of Receipt of Notice. In all instances in subdivision--(-h) which require written notification, the receiving party shall provide proof of receipt by return mail or other carrier.
(ik) Limitation on Postproduction Request for Additional Records.
(1) In order to obtain public records in addition to those provided under subdivisions (e), (-f)r(g),- (h), ffl, and (h) (j) of this rule, collateral counsel shall file an affidavit in the trial court which:
(A) attests that collateral counsel has made a timely and diligent search of the records repository; and
(B) identifies with specificity those public records not at the records repository; and
(C) establishes that the additional public records are either relevant to the subject matter of the postconviction proceeding or are reasonably calculated to lead to the discovery of admissible evidence; and
(D) shall be served in accord with subdivision (c)(1) of this rule.
(2) Within §015 days after the affidavit of collateral counsel is filed, the trial court shall order a person or agency to produce additional public records only upon finding each of the following:
(A) collateral counsel has made a timely and diligent search of the records repository;
(B) collateral counsel’s affidavit identifies with specificity those additional public records that are not at the records repository;
(C) the additional public records sought are either relevant to the subject matter of a proceeding under rule 3.850 or rule 3.851 or appear reasonably calculated to lead to the discovery of admissible evidence; and
*503 (D) the additional records request is not overly broad or unduly burdensome.
(jl) Copying of Public Records. Collateral counseiThe Secretary of State shall provide the personnel, supplies, and any necessary equipment to copy records held at the records repository.
(tan) Authority of the Court. In proceedings under this rule the trial court may:
(1) compel or deny disclosure of records;
(2) conduct an in-camera inspection;
(3) extend the times in this rule upon a showing of good cause;
(4) impose sanctions upon any party, person, or agency affected by this rule including initiating contempt proceedings, taxing expenses, extending time, ordering facts to be established, and granting other relief; and
(5) resolve any dispute arising under this rule unless jurisdiction is in an appellate court.
(in) Scope of Production and Resolution of Production Issues.
(1) Unless otherwise limited, the scope of production under any part of this rule shall be that the public records sought are not privileged or immune from production and are either relevant to the subject matter of the proceeding under rule 3.850 or-rule 3.851 or are reasonably calculated to lead to the discovery of admissible evidence.
(2) Any objections orto production of public records under this rule shall be filed within 30 days of receipt of the notice or demand which is the subject of the objection, unless otherwise provided herein. Any motions to compel production of public records pursuant to this rule shall be filed within 30 days after the end of the production time period provided by this rule. Counsel for the party objecting or moving to compel shall file a copy of the objection or motion directly with the trial court. The trial court shall hold a hearing on the objection or motion on an expedited basis.
(3)The trial court may order mediation for any controversy as to public records production pursuant to this rule in accord with Florida Rules of Civil Procedure 1.700, 1.710, 1.720, 1.730, or the trial court may refer any such controversy to a master in accord with Florida Rule of Civil Procedure 1.490.
(bio ) Destruction of Records Repository Records. Sixty days after a capital sentence is carried out, after a defendant is released from incarceration following the granting of a pardon or reversal of the sentence, or after a defendant has been resentenced to a term of years, the attorney general shall provide written notification of this occurrence to the secretary of state with service in accord with subdivision (c)(1). After the expiration of the 60 days, the secretary of state may then destroy the copies of the records held by the records repository that pertain to that case, unless an objection to the destruction is filed in the trial court and served upon the secretary of state and in accord with subdivision (c)(1). If no objection has been served within the 60-day period, the records may then be destroyed. If an objection is served, the records shall not be destroyed until a final disposition of the objection.
[deletions are indicated by struck-through type; new language is underscored]
Rule 3.993. Forms Related to Capital Postconviction Records Production
(a) Notice to State Attorney of AffAr-manGe-of Death Penalty.
In the Circuit Court of the.=
Judicial Circuit, in and for
County, Florida
Case No.
Division-^
State of Florida, Plaintiff,
Vv
Defendant,
*504 NOTICE TO STATE ATTORNEY OF AEF-IRMANCE-QF-DEATH PENALTY
TCb.-.— [name of state-attorne-y-and circuit]
The Attorney General of — fcfae-State of Florida, pursuant to Florida Rule of Criminal Procedure-3-.852(d-)(l)-,-gives notice that on-the day of ■ , the Florida Supreme Court issued-its-mandate affirming-the-death sentence in this case.
Within 15 days of receipt of this notice, you should provide written -notice' to each law enforcement-agency involved-in-this
Within 90 days after receipt of this notice, you and-each law enforcement-agency involved in this case, should-copy, index, and-deliver to the reeords-repository of the Secretary of State all public records, except for those-previously fíled-in.the trial court, which were produced in the investigation-or prosecution-of-this case.
L-BERESY CERTIFY that-a-true and correct copy- of the foregoing.has been served on . _[name of trial court], [name of-state attorney], and [name of-trial- counsel for defendant], this day of , [name and address of-attorney general]
(ba) Notice to Secretary of Department of Corrections of Affirmancelmpo-sition of Death Penalty.
In the Circuit Court of the_
Judicial Circuit, in and for_
County, Florida
Case No_
Division_
State of Florida, Plaintiff, v. Defendant.
NOTICE TO SECRETARY OF DEPARTMENT OF CORRECTIONS OF AFFIRMANCEIMPOSITION OF DEATH PENALTY AND TO PRODUCE PUBLIC RECORDS TO: _
[name of Secretary of Department of Corrections]
The-Attorney General of the State of FloridaState Attorney of the Judicial Circuit of the State of Florida pursuant to Florida Rule of Criminal Procedure 3.852(d)(1), gives notice that on the -day of-,_, the Florida Supreme Court issued its mandate affirming the- death sentencedefendant in this case was sentenced to death.
Within ©060 days after receipt of this notice, you should copy, index, and deliver to the records repository of the Secretary of State all public records determined by your department to be relevant to the subject matter of a proceeding under Florida Rule of Criminal Procedure 3=850 er3.851 unless the production of such records would be unduly burdensome. Any public records that are the subject of this notice but which are confidential or exempt must be separately contained, without being redacted, sealed and delivered to the Clerk of the Circuit Court of the Judicial Circuit, in and for County, Florida,
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on _[name of trial court], _[name of Secretary of Department of Corrections], _[name of attorney general], and_[name of trial counseh-for- defendantcollateral counsel ], this_day of_,_ [name and address of attorney gen-eralstate attorney ]
(eb) Notice by State Attorney to Law Enforcement Agency of Imposition of Death Penalty.
In the Circuit Court of the_
Judicial Circuit, in and for_
*505 County, Florida
Case No_
Division_
State of Florida, Plaintiff, v. Defendant.
NOTICE OF AFFIRMANCEIMPOSITION OF DEATH PENALTY AND TO PRODUCE PUBLIC RECORDS
TO: _
[name of chief law enforcement officer]
The State Attorney of the_Ju-dicial Circuit of the State of Florida, pursuant to Florida Rule of Criminal Procedure 3.852(eXI)(d)(l), hereby gives notice to_[name of chief law enforcement officer and agency], that was involved in this case by investigation, arrest, prosecution, or incarceration, that on the _day of_, __, the Florida Supreme Court-issued its mandate affirming the death s&ntencedefendant in this case was sentenced to death.
Within @060 days after receipt of this notice, you and each law enforcement agency involved in this case should copy, index, and deliver to the records repository of the Secretary of State all public records, except those filed in the trial court, which were produced in the investigation, arrest, prosecution, or incarceration of the defendant in this case. Any public records that are the subject of this notice but which are confidential or exempt must be separately contained, without being redacted, sealed and delivered to the Clerk of the Circuit Court of the Judicial Circuit, in and for . . County, Florida,
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on_[name of trial court], _[name of chief law enforcement officer],_[name of attorney general], and _[name of collateral counsel], this _ day of _,_
[name and address of state attorney]
(dc) Notice of Compliance by State Attorney.
In the Circuit Court of the_
Judicial Circuit, in and for_
County, Florida
Case No_
Division_
State of Florida, Plaintiff, v. Defendant.
NOTICE OF COMPLIANCE BY STATE ATTORNEY
TO: _
[name and address of attorney general]
The State Attorney for the - Judicial Circuit gives notice to the Attorney General of compliance by delivery-of public records involving-this case to the records repository of the Secretary — of State-with Florida Rule of Criminal Procedure 3.852(d)(2)(B) and certifies that, Tto the best of my knowledge and belief, all public records in my possession, except for those previously filed in the trial court which were produced in the investigation or prosecution of the case have been copied, indexed, and delivered to the records repository of the Secretary of State — as required'by-Florida Rule-of Criminal Procedure 3.852(e)(2).- or, if the records are confidential or exempt, to the Clerk of the Circuit Court of the Judicial Circuit, in and for County, Florida.
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on_[name of trial court], _[name of attorney general], and _[name of collateral counsel], this_day of_,_
*506 [name and address of state attorney]
(ed) Notice of Compliance by the Secretary of the Department of Corrections.
In the Circuit Court of the_
Judicial Circuit, in and for_
County, Florida
Case No_
Division_
State of Florida, Plaintiff, v. Defendant.
NOTICE OF COMPLIANCE BY THE SECRETARY OF THE DEPARTMENT OF CORRECTIONS
TO: _ [name and address of attorney general]
The Secretary of the Department of Corrections, having received notice of the affirmanceimposition of the death penalty in this case from the Attorney -General State Attorney for the Judicial Circuit on the_day of_,_, hereby gives notice of compliance with Florida Rule of Criminal Procedure 3.852(e)(1) and certifies that, to the best of my knowledge and belief, all public records determined by the Department to be relevant to the subject matter of a proceeding under Florida Rule of Criminal Procedure 3.850 or 3.851, except for those previously filed in the trial court, have been copied, indexed, and delivered to the records repository of the Secretary of State or, if the records are confidential or exempt, to the Clerk of the Circuit Court of the Judicial Circuit, in and for__ County, Florida.
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on_[name of trial court], _ [name of attorney general], _[name of state attorney], and _[name of collateral counsel], this_day of_,_
[name and address of Secretary of Department of Corrections]
(fe) Notice of Compliance by Law Enforcement Agency.
In the Circuit Court of the_
Judicial Circuit, in and for_
County, Florida
Case No_
Division_
State of Florida, Plaintiff, v. Defendant.
NOTICE OF COMPLIANCE BY LAW ENFORCEMENT AGENCY TO: _
[name and address of attorney general] _[name of chief law enforcement officer and agency] that was involved in this case by an investigation, arrest, prosecution, or incarceration, hereby gives notice to the Attorney General of compliance fey-delivery-of-public records involving-this case to the records repository of ■the Secretary of-Stafewith Florida Rule of Criminal Procedure 3.852(e)(2). I further and certifyies that, to the best of my knowledge and belief, all public records in possession of this agency or in the possession of any employee of this agency, except for those previously filed in the trial court, which were produced in the investigation or prosecution of the case have been copied, indexed, and delivered to the records repository of the Secretary of State or, if the records are confidential or exempt, to the Clerk of the Circuit Court of the Judicial Circuit, in and for County, Florida.
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on_[name of trial court], _[name of attorney general], *507 _[name of state attorney], and _[name of collateral counsel], [name of state attorney] [name of collateral counsel] this_day of-,-
[name and address of chief law enforcement officer]
(gf) Notice to Attorney General of Person or Agency Having Pertinent Information.
In the Circuit Court of the-
Judicial Circuit, in and for-
County, Florida
Case No-
Division_
State of Florida, Plaintiff, v. Defendant.
STATE ATTORNEY’S NOTICE TO ATTORNEY GENERAL OF PERSON OR AGENCY HAYING PERTINENT INFORMATION
TO: _ [name and address of attorney general]
The undersigned _[name of state attorney] hereby gives notice to the Attorney General of the following name(s) and address(es) of any person or agency having information pertinent to this case in addition to those persons and agencies who previously furnished public records to the records repository of the Secretary of State:
[list names and addresses of persons or agencies]
Please provide prompt written notification to each identified person or agency of their duty to deliver all such public records, except for those previously filed in the trial court or furnished to collateral counsel, pertaining to this case to the records repository of the Secretary of State or, if the records are confidential or exempt, to the Clerk of the Circuit Court of the Judicial Circuit, in and for County, Florida.
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on_[name of trial court], _[name of attorney general], and _[name of public defender-or de-fensecollateral counsel], this _ day of
[name and address of state attorney]
(hg) Notice to Attorney General of Person or Agency Having Pertinent Information.
In the Circuit Court of the_
Judicial Circuit, in and for_
County, Florida
Case No_
Division_
State of Florida, Plaintiff, v. Defendant.
TRIAL COUNSEL’S NOTICE TO ATTORNEY GENERAL OF PERSON OR AGENCY HAYING PERTINENT INFORMATION
TO: _ [name and address of attorney general]
The undersigned _[name of public defender or other counsel], for _ [name of defendant], hereby gives notice to the Attorney General of the following name(s) and address(es) of persons or agencies in addition-to those-previously furnished to- collateral counsel which may have information pertinent to this case in addition to those persons and agencies who previously furnished public records to the records repository of the Secretary of State.
*508 [list names and addresses of persons or agencies]
Please provide prompt written notification to each identified person or agency of their duty to deliver all such public records, except for those previously filed in the trial court or furnished to collateral counsel, pertaining to this case to the records repository of the Secretary of State, or if the records are confidential or exempt, to the clerk of the Circuit Court of the Judicial Circuit, in and for County,* Florida.
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on_[name of trial court], _[name of attorney general], and _[name of state attorney], and —[name of collateral counsel] this _ day of_, 49_ [name and address of trial counsel]
(ih) Notice by Attorney General to Person or Agency Having Pertinent Information.
In the Circuit Court of the_
Judicial Circuit, in and for__
County, Florida
Case No_
Division_
State of Florida, Plaintiff, v. Defendant.
NOTICE BY ATTORNEY GENERAL TO PERSON OR AGENCY HAYING PERTINENT INFORMATION
TO: _ [name and address of person or agency]
Pursuant to Florida Rule of Criminal Procedure 3.852(d)(2), the undersigned has been notified by_[name of trial counsel or state attorney], that you have public records pertinent to this case. Pursuant to the provisions of rule 3.852(e)(53), you must:
1. Within 9060 days of receipt of this notice, copy, index, and deliver to the records repository of the Secretary of State or, if the records are confidential or exempt, to the Clerk of the Circuit Court of the Judicial Circuit, in and for County, Florida all public records in your possession, except for those previously filed in the trial court or furnished to collateral counsel, which are pertinent to this case; and
2. Provide written notice to me that you have complied with these provisions.
I HEREBY CERTIFY that a true and correct copy of the pleading has been served on_[name of person or agency], and _[name of trial court], —[name of state attorney], and - —[name of collateral counsel], this_day of_,_ [name and address of attorney general]
(ji) Notice of Compliance by Person or Agency.
In the Circuit Court of the_
Judicial Circuit, in and for_
County, Florida
Case No_
Division_
State of Florida, Plaintiff, v. Defendant.
NOTICE OF COMPLIANCE BY PERSON OR AGENCY TO: _
[name and address of attorney general]
The undersigned, pursuant to Florida Rule of Criminal Procedure 3.852(e)(53), having received notice from the Attorney General on the_day of_,_,4e- *509 cop-y, seal, index, and- deliver all public records-i-n my possession or in the possession- of-the undersigned' agency to the records repository of the Secretary of State»hereby gives notice of compliance to the Attorney General and -further certifies that all such public records in my possession or in the possession of the undersigned agency pertaining to this case, except for those previously filed in the trial court or furnished to collateral counsel, to the best of my knowledge and belief, have been copied, indexed, and delivered to the records repository of the Secretary of State or, if the records are confidential or exempt, to the Clerk of the Circuit Court of the Judicial Circuit, in and for County, Florida.
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on_[name of trial court], _[name of attorney general], _[name of state attorney], and _[name of collateral counsel], this_day of_,_ [name and address of person or agency]
(kj ) Defendant’s Demand for Production of Additional Public Records Pertaining to Defendant’s Case.
In the Circuit Court of the_
Judicial Circuit, in and for_
County, Florida
Case No_
Division_
State of Florida, Plaintiff, v. Defendant.
DEFENDANT’S DEMAND FOR ADDITIONAL PUBLIC RECORDS PERTAINING TO DEFENDANT’S CASE
TO: _ [name and address of person or agency]
The defendant, by and through undersigned counsel, hereby makes demand of _[name of person or agency submitting public records], pursuant to Florida Rule of Criminal Procedure 3.852(ig), for additional public records pertinent to this case.
1. Undersigned counsel represents that, after a timely and diligent search, the records specifically described below:
(a) are relevant to a pending proceeding pursuant to rule 3.8501 or
(b) appear reasonably calculated to lead to the discovery of admissible evidence; and
(c) have not previously been obtained in discovery or from a previous public records request from either the above-named person or agency or any other; and
(d) are not presently available from the public records repository.
2. The public records requested are as follows:
[list public records requested]
3. [if request includes records associated with particular named individuals, give a brief statement of each named person’s role in the capital case and relationship to the defendant, and the race, sex, and date of birth of each named person, if you have such information]
34. Pursuant to rule 3.852(g), any objection to production, including any claim of exemption, must be filed with the trial court and served upon all counsel of record within 6025 days of receipt of this demand, or such objection will be deemed waived.
45. Pursuant to rule 3.852(g), you shall, within ©060 days after receipt of this demand:
(a) copy, index, and deliver to the records repository of the Secretary of State any additional public records in your possession or the possession of your agency which pertain to this case; and
(b) certify that, to the best of your knowledge and belief, all additional public *510 records have been delivered to the records repository of the Secretary of State; andor
(c) recertify that the public records previously delivered are complete if no additional public records are found; and
(d) deliver any public records that you claim are confidential or exempt in a sealed container, without being redacted, to the Clerk of the Circuit Court of the Judicial Circuit, in and for County, Florida.
[name of attorney for defendant]
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on_[name of trial court], _[name of person or agency], -[name of attorney general], and -[name of state attorney], this _day of_,_
[name and address of attorney for defendant collateral counsel]
(Ik) Objection to Defendant’s Request for Production of Additional Public Records Pertaining to Defendant’s Case and Motion for Hearing.
In the Circuit Court of the_
Judicial Circuit, in and for_
County, Florida
Case No_
Division_
State of Florida, Plaintiff, v. Defendant.
OBJECTION TO DEFENDANT’S REQUEST FOR PRODUCTION OF ADDITIONAL PUBLIC RECORDS PERTAINING TO DEFENDANT’S CASE AND MOTION FOR HEARING
The undersigned person or agency, having received defendant’s demand for production of additional public records pertaining to defendant’s case on the_day of-,_, hereby files this objection and respectfully moves the court to hold a hearing to determine if the requirements of rule 3.852, =(g)(3) have been met. The grounds for this objection are:
[state grounds with specificity and identify the records]
Respectfully submitted,
[name of attorney]
Attorney for_
[name of person or agency]
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on_[name of trial court], _[name of attorney for defen-daatstate attorney ]and _[name of attorney general], _ [name of collateral counsel], this _ day of
[name of attorney]
(ml) Notice of Delivery of Exempt Public Records to Records RepositoryC-lerk of Circuit Court.
In the Circuit Court of the_
Judicial Circuit, in and for_
County, Florida
Case No_
Division_
State of Florida, Plaintiff, v. Defendant.
NOTICE OF DELIVERY OF EXEMPT PUBLIC RECORDS TO RECORDS REPOSITORYCLERK OF CIRCUIT COURT
TO: Records Repository The Clerk of the Circuit Court of the
Judicial Circuit, in and for County,
Florida *511 [address of records — repositoryclerk of court]
The undersigned, ■_[name of person or agency], hereby gives notice to the records repository of-the Secretary of State - that certain deliveredthat certain records that are confidential or exempt from the requirements of section 119.07(1), Florida Statutes have been delivered to you. These public records have been separately contained, without being redacted, have been sealed, and the nature of the public records and the legal basis under which the public records are exempt have been identified.
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on_[name of trial court], _[name of records repository clerk of court ],_:_[name of attorney general],_[name of state attorney], and_[name of collateral counsel], this_day of-,[name and address of person or agency]
(n) Order to Deliver — Exempt Public Records to th& Clerk of Circuit Court,
In the Circuit Court of the
Judicial Circuit, in and for
County, Florida Uase-NX- .-
Division---:
State of Florida7 P-laintiff7 Defendants
ORDER TO DELIVER EXEMPT PUBLIC RECORDS
TO: Records Repository
[address of-records repository]
This court having -received notice-on the day nf ■ ■ , that-certain-records for-which-a claim of confidentiality or -exemption- from disclosure has been claimed have-been, copied, indexed, separately.contained without being — redacted? sealed, identified as to their nature-and the legal basis for their-eonfidentiality or exemption, and- delivered-to the-reeords- repository of-the Secretary of State, it is ordered that -said records be delivered to [name of clerk of circuit, cour-t] for- further proceedings consistent with Florida — Rule—of—Criminal—Procedure 3.853(f). - [name of .moving-party]-shall-bear all costs-associated-with- the-transportation and inspection of said records by the trial court.
DONE- AND ORDERED in ,^= . County, Florida, this ... day of =, Judge-
(o) Notice-of Delivery of Exempt Public- Records to the — Clerk-of—Circuit Court,
Tn the.-flircnit-Court-nf the -
Judicial Circuit,-i-n and for..
County, Florida
Case No..
Division
State of Florida,Plaintiff,-Vv Defendant,-
NOTICE-OF DELI-VERY OF EXEMPT-PUBLIG-RECORDS- TO CLERK OF CIRCUIT COURT
TO: = [name and- address of clerk - of circuit court]
The Secretary of--State,-by and-through the undersigned, having received an appropriate court order -pursuant to -rule 3.852? hereby gives notice-fhat -the sealed con-taineres) of exempt public records has/have ■been shipped to the above-listed clerk of circuit court, — Pursuant to the provisions- *512 of Florida Rule — of—Griminal Procedure 3v852(f)(2) these public records may only ■be opened for an inspection by the trial eourt in eamerar
I HEREBY -CERTIFY thafc-a-tnia and correct copy of the foregoing has been served on . [nomo nf-tada,l...(»nnrt] [name of clerk of circuit court], [name of attorney general], and - [■name. — of ■ collateral — counsel], this-. day of- , —-
-[-name of-secretary of state]
.
. [name of representative of secre-
tary of state]
Rules of Judicial Administration
Rule 2-Real-Time Transcription in Capital Cases. In all trials in which the state seeks the death penalty and rule 3.851 proceedings, a court reporter, who has the capacity to provide real-time transcription of the proceedings, shall be arranged for and paid for by the state attorney.

. In this respect, our proposed rules are akin to the dual-track scheme followed by Virginia. Section 8.01-654.1, Code of Virginia, provides in pertinent part:
No petition for a writ of habeas corpus filed by a prisoner held under a sentence of death shall be considered unless it is filed within sixty days after the earliest of: (i) denial by the United States Supreme Court of a petition for a writ of certiorari to the judgment of the Supreme Court of Virginia on direct appeal, (ii) a decision by the United States Supreme Court affirming imposition of the sentence of death when such decision is in a case resulting from a granted writ of certiorari to the judgment of the Supreme Court of Virginia on direct appeal, or (iii) the expiration of the period for filing a timely petition for certiorari without a petition being filed.
Va.Code Ann. § 8.01-654.1 (Michie Supp. 1999).

. This is consistent with our recently expressed view that evidentiary hearings should be required on initial capital postconviction motions presenting factually based claims:
Justice Wells, in a specially concurring opinion, recently recognized our concerns in postconviction proceedings and suggested amending the rule to require courts to hold evidentiary hearings on initial post-conviction motions in capital cases:
I write to advocate an amended rule 3.851. I believe the rule should be amended to require that an evidentiary hearing is mandated on initial motions *492 which assert ineffective assistance of counsel, Brady, or other newly discovered evidence claims, or other legally cognizable claims which allege an ultimate factual basis. Too much judicial and counsel time and resources have been wasted in determining whether to hold an eviden-tiary hearing. This has added to the inordinate amount of time prisoners remain on death row.
Mordenti v. State, 711 So.2d 30, 33 (Fla. 1998) (Wells, J., concurring). We agree with that portion of Justice Wells' concurring opinion calling for a presumption in favor of evidentiary hearings in initial 3.850 motions asserting claims for ineffective assistance of counsel, Brady, and other newly discovered evidence claims in capital cases and more stringent review of subsequent motions.
Gaskin v. State, 737 So.2d 509, 517 n. 17 (Fla. 1999).

. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

. See Jones v. State, 591 So.2d 911, 915 (Fla. 1991) (establishing standard that newly discovered evidence must be of such a nature that it would probably result in an acquittal on retrial in order to entitle defendant to relief); Mills v. State, 684 So.2d 801, 805 (Fla. 1996) (recognizing that the test for determining the effect of the State's failure to disclose exculpatory evidence is whether there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different).