PER CURIAM.
This case is before the Court on appeal from an order denying a motion to vacate a judgment of conviction of first-degree murder and a sentence of death under Florida Rule of Criminal Procedure 3.851. Because the order concerns postconviction relief from a sentence of death, this Court has jurisdiction of the appeal under article V, section 3(b)(1), Florida Constitution.
FACTS AND PROCEDURAL HISTORY
Robert Long appeals from the denial of postconviction relief regarding the sentence of death Long received in relation to the murder of Michelle Simms. The facts underlying Long’s convictions are as follows:
Robert Long was arrested on November 16, 1984, and charged with the sexual battery and kidnapping of Lisa McVey. Long signed a form [Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) ] waiver and consent *801 ed to questioning. After the detectives procured a confession for the McVey case, their questioning focused on a series of unsolved sexual battery homicides pending in the area. As the detectives began to question Long about the murders, he replied, “I’d rather not answer that.” The detectives continued the interrogation and handed Long photographs of the various murder victims. At this point, Long stated, “The complexion of things sure have changed since you came back into the room. I think I might need an attorney.” No attorney was provided and Long eventually confessed to eight murders in Hills-borough County and one murder in Pas-co County.
Subsequently, on April 22, 1985, Long was tried for the Pasco County murder, where a jury returned a guilty verdict and a unanimous recommendation of death on April 27,1985. The trial judge subsequently imposed a death sentence on May 10,1985.
The Hillsborough County cases, in which the appellant was charged with multiple sexual battery and homicide offenses, were ready for trial in September, 1985. On September 23, 1985, Long entered into a plea agreement with the State for all the offenses charged in Hillsborough County. In summary, Long pleaded guilty to eight counts of first-degree murder, eight counts of kidnapping, and seven counts of sexual battery. In addition, Long pleaded guilty to charges of sexual battery and kidnapping in the Lisa McVey case. Under the agreement, except for the first-degree murder, kidnapping, and sexual battery counts in the Michelle Denise Simms murder, Long received life sentences on every count of each case and a five-year sentence on the probation revocation charge. The plea agreement provided for a full penalty phase proceeding before a jury in the Simms case and contained an express provision waiving Long’s right to contest the admissibility of any statements he had given police. In the agreement Long also expressly waived the right to contest the admissibility of a knife found near his residence and other evidence seized from his car and apartment. The State agreed not to utilize any of the Hillsborough convictions resulting from this plea agreement as aggravating factors in the penalty phase of the Simms case, but retained the right to use prior convictions obtained in other counties as aggravating factors. After appropriate inquiry in open court, the trial judge, on September 23, 1985, adjudicated Long guilty and pronounced sentence in each case except the Simms murder charge, which was set for a penalty phase proceeding.
On December 11, 1985, Long moved to withdraw from the plea agreement based on the unavailability of a crucial defense witness and his earlier misunderstanding regarding his right to appeal the confession’s admissibility.... The trial court, after hearing the testimony on the plea, determined that appellant should be allowed to withdraw his previously entered guilty pleas.
... On the following day, December 12, 1985, the appellant elected not to withdraw his previously entered pleas of guilty. The judge conducted a full inquiry of the appellant concerning his decision in open court....
At the time of the plea, Long had already been tried and sentenced to death for the Virginia Johnson murder. The new sentencing proceeding was set for July 9, 1986. Before those proceedings began, appellant’s new counsel filed a motion to again set aside the plea agreement on the grounds that the plea *802 agreement was based upon circumstances directly affecting Long’s rights. Specifically, counsel claimed the plea agreement provided for a waiver of the right to contest the admissibility of unconstitutionally obtained statements and evidence. Further, counsel argued that the plea agreement directly affected appellant’s right to a fair penalty phase proceeding, because the agreement expressly provided for the introduction into evidence of Long’s confession and the knife discovered pursuant to the confession. The trial court denied the motion to set aside the plea agreement.
The penalty phase proceedings commenced on July 10, 1986, and the State presented evidence of Long’s confession with regard to the killing of Michelle Denise Simms and Virginia Johnson. The State also submitted a certified copy of the judgment entered in Pasco County for the Johnson murder. The State presented testimony by two expert witnesses, who concluded that Long, at the time of the Simms murder, was not under the influence of extreme mental or emotional disturbance, nor was his capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of law substantially impaired. One of the State’s experts did testify that when the appellant killed his victim, he was also unconsciously killing his mother by extension.
The appellant presented testimony from four expert witnesses who stated Long was under the influence of extreme mental or emotional disturbance at the time of the murders and was unable to conform his conduct to the requirements of law. The evidence reflected that appellant led an extremely troubled family life, had suffered numerous head injuries, which had led to brain damage and severe mental problems. The advisory jury recommended the death penalty by a vote of eleven-to-one.
Long v. State, 529 So.2d 286, 287-91 (Fla.1988). The trial court imposed a sentence of death. Id. at 291.
On appeal, this Court affirmed the convictions and all sentences except for the death sentence, which this Court vacated and remanded for a new sentencing proceeding before a new jury. Id.

Resentencing

After the second sentencing proceeding, the jury recommended a sentence of death by a unanimous vote. Long v. State, 610 So.2d 1268, 1268 (Fla.1992), cert. denied, 510 U.S. 832, 114 S.Ct. 104, 126 L.Ed.2d 70 (1993).
The trial judge sentenced Long to concurrent life sentences for the sexual battery and kidnapping counts and imposed the death sentence for the first-degree murder. In doing so, the trial judge found the following aggravating factors: (1) that the crime was committed while Long was engaged in the commission of a kidnapping; (2) that the crime was especially heinous, atrocious, or cruel; (3) that Long was previously convicted of a felony involving the use or threat of violence; and (4) that the crime was committed in a cold, calculated, and premeditated manner. In mitigation, the trial judge found: (1) that Long’s capacity to appreciate the criminality of his conduct or conform his actions to the law was substantially impaired, and (2) that the capital felony was committed while Long was under the influence of extreme mental or emotional disturbance. Finding that the aggravating circumstances outweighed the mitigating circumstances, the trial judge imposed the death penalty.
Id. at 1272. On appeal, this Court affirmed the sentence of death. Id. at 1275.
*803 POSTCONVICTION MOTION
Long filed a postconviction motion in the circuit court, raising various claims.[1] After an evidentiary hearing on some of those claims, the circuit court denied relief and summarily denied relief on all other claims.
Long has appealed, raising the following claims: (1) the circuit court erred in denying Long’s claim of ineffective assistance of trial counsel regarding Long’s guilty pleas; and (2) the circuit court erred in summarily denying Long’s claim of ineffective assistance of trial counsel for failure to object to prosecutorial misconduct during the penalty phase.
Ineffective Assistance of Counsel Regarding Long’s Guilty Pleas
Long asserts that trial counsel was ineffective for failing to adequately warn him of all of the ramifications of entering his pleas of guilty to all crimes charged in Hillsborough County. Specifically, Long contends that had trial counsel told him that his plea deal included a waiver of his right to appeal the validity of his confession to police and the physical evidence resulting therefrom, he would not have pleaded guilty and would have gone to trial. We conclude that the circuit court’s denial of relief on this claim is supported by competent, substantial evidence.
Standard of Review
In Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366, 88 L.Ed.2d 208 (1985), the United States Supreme Court established a two prong test for determining claims of ineffective assistance of counsel relating to guilty pleas. The first prong of Hill is the same as the deficient performance prong of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); that is, the defendant must specifically identify acts or omissions of counsel that were manifestly outside the wide range of reasonably competent performance under prevailing professional norms. See Hill, 474 U.S. at 58-59, 106 S.Ct. 366; see also Lynch v. State, 2 So.3d 47, 56-57 (Fla.2008).
As to the second prong, the United States Supreme Court held that a defendant must demonstrate “a reasonable probability that, but for counsel’s errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial.” Hill, 474 U.S. at 59, 106 S.Ct. 366; see also Grosvenor v. State, 874 So.2d 1176, 1181 (Fla.2004). Counsel’s effectiveness is determined according to the totality of the circumstances. Strickland, 466 U.S. at 681, 104 S.Ct. 2052. “Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown of the adversary process that renders the result unreliable.” Lynch, 2 So.3d at 57 (quoting Strickland, 466 U.S. at 687, 104 S.Ct. 2052).
Deficiency
Long has failed to establish deficiency. The circuit court found that Long *804 failed to demonstrate that trial counsel, Charles O’Connor, did not adequately review the conditions and consequences of the plea agreement. The circuit court found Long’s assertions to the contrary not credible. We have stated that “[a]s long as the trial court’s findings are supported by competent substantial evidence, ‘this Court will not “substitute its judgment for that of the trial court on questions of fact, likewise of the credibility of the witnesses as well as the weight to be given to the evidence by the trial court.” ’ ” Blanco v. State, 702 So.2d 1250, 1252 (Fla.1997) (quoting Demps v. State, 462 So.2d 1074, 1075 (Fla.1984)); see also Cox v. State, 966 So.2d 337, 357-58 (Fla.2007) (“[T]he trial court is in a superior position ‘to evaluate and weigh the testimony and evidence based upon its observation of the bearing, demeanor, and credibility of witnesses.’ ”) (quoting Stephens v. State, 748 So.2d 1028, 1034 (Fla.1999)).
There is competent, substantial evidence to support the circuit court’s findings. During the colloquy for the original plea on September 23, 1985, Long testified that he had read the plea form and it was explained to him by counsel. Long also affirmed that he understood the terms of the agreement. Long did not have any questions about the plea agreement when asked by Judge Griffin. O’Connor and Long agreed that it was in Long’s best interest to enter the plea.
On December 12, 1985, after being allowed twenty-four hours to consider whether he wanted to withdraw his plea, Long testified during the colloquy with the trial court that he had had time to consider the consequences of withdrawing his plea and had thoroughly discussed it with O’Connor. Long confirmed that he had confidence in the advice he had been given by counsel, O’Connor, and Long specifically confirmed that he understood that he was waiving his right to appeal the admissibility of his confession.
O’Connor was unavailable to testify during the postconviction evidentiary hearing because he had died. However, O’Connor testified before Judge Lazzara on February 10, 1989, during a hearing on Long’s motion to withdraw his guilty pleas filed by then-counsel Robert Fraser before Long’s second penalty phase. O’Connor testified that he reviewed the plea form with Long before Long signed it on September 23,1985, and again when Long had the opportunity to withdraw his plea in December of 1985. O’Connor testified that he spent a substantial amount of time explaining the consequences of the plea agreement to Long and was satisfied that Long understood the agreement.
During this hearing on February 10, 1989, Long testified that he never read the agreement and that O’Connor never went over the plea agreement with him. However, on cross-examination Long acknowledged that Judge Griffin went over the plea agreement with Long during the colloquy on December 12, 1985, the hearing during which Long decided not to withdraw his plea; Long specifically acknowledged that the judge was very clear that he would be waiving his right to appeal the admissibility of his confession pursuant to the plea agreement. Long also acknowledged that he decided not to withdraw his plea when he was given the opportunity because he wanted to limit his potential exposure to the death penalty and he did not want to go through eight trials.
Long contends that testimony at the postconviction evidentiary hearing held on May 9, 2011, provided evidence that O’Connor’s previous testimony that he provided Long with the ramifications of the plea agreement was inaccurate. However, we find nothing in the record that suggests that O’Connor’s prior statements to the *805 court that Long was aware of the ramifications of the plea were misrepresentative. Despite Long’s contentions, the postcon-viction record further supports a finding that Long was fully aware of and understood all of the ramifications of the plea agreement.
Because we find that counsel was not deficient, there is no need to address prejudice. See Hill, 474 U.S. at 60, 106 S.Ct. 366 (declining to assess the deficiency prong of Strickland after finding that the petitioner’s allegations were insufficient to satisfy the prejudice prong of Strickland); see also Evans v. State, 946 So.2d 1, 12 (Fla.2006) (“[Bjecause the Strickland standard requires establishment of both [deficient performance and prejudice] prongs, when a defendant fails to make a showing as to one prong, it is not necessary to delve into whether he has made a showing as to the other prong.”) (alteration in original) (quoting Whitfield v. State, 923 So.2d 375, 384 (Fla.2005)).
Ineffective Assistance of Counsel for Failing to Object to the State’s Comments during the Penalty Phase Waiver
In his initial brief to this Court, Long asserted conclusory statements that reiterated arguments made before the posteonviction court. Long did not provide any specific improper comments for which he is entitled to relief in his brief before this Court. See Kilgore v. State, 55 So.3d 487, 511 (Fla.2010) (citing Rose v. State, 985 So.2d 500, 509 (Fla.2008)). Accordingly, this claim is waived for appellate review.
Further, we find the claim without merit. Following the United States Supreme Court’s decision in Strickland, this Court has held that for ineffective assistance of counsel claims to be successful, the defendant must demonstrate both deficiency and prejudice:
First, the claimant must identify particular acts or omissions of the lawyer that are shown to be outside the broad range of reasonably competent performance under prevailing professional standards. Second, the clear, substantial deficiency shown must further be demonstrated to have so affected the fairness and reliability of the proceeding that confidence in the outcome is undermined.
Bolin v. State, 41 So.3d 151, 155 (Fla.2010) (quoting Maxwell v. Wainwright, 490 So.2d 927, 932 (Fla.1986)).
There is a strong presumption that trial counsel’s performance was not deficient. See Strickland, 466 U.S. at 690, 104 S.Ct. 2052. “A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel’s challenged conduct, and to evaluate the conduct from counsel’s perspective at the time.” Id. at 689, 104 S.Ct. 2052. The defendant carries the burden to “overcome the presumption that, under the circumstances, the challenged action ‘might be considered sound trial strategy.’ ” Id. (quoting Michel v. Louisiana, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955)). “Judicial scrutiny of counsel’s performance must be highly deferential.” Id. “[Strategic decisions do not constitute ineffective assistance of counsel if alternative courses have been considered and rejected and counsel’s decision was reasonable under the norms of professional conduct.” Occhicone v. State, 768 So.2d 1037, 1048 (Fla.2000). Furthermore, where this Court previously has rejected a substantive claim on the merits, counsel cannot be deemed ineffective for failing to make a merit-less argument. Melendez v. State, 612 So.2d 1366, 1369 (Fla.1992).
*806 In demonstrating prejudice, the defendant must show a reasonable probability that “but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Strickland, 466 U.S. at 694, 104 S.Ct. 2052.
Johnston v. State, 63 So.3d 730, 737 (Fla.2011) (parallel citations omitted).
“ ‘Postconviction claims may be summarily denied when they are legally insufficient, should have been brought on direct appeal, or are positively refuted by the record.’ ” Marek v. State, 8 So.3d 1123, 1127 (Fla.2009) (quoting Connor v. State, 979 So.2d 852, 868 (Fla.2007)). “[A] defendant is entitled to an evidentiary hearing on a postconviction relief motion unless (1) the motion, files, and records in the case conclusively show that the prisoner is entitled to no relief, or (2) the motion or a particular claim is legally insufficient.” Freeman v. State, 761 So.2d 1055, 1061 (Fla.2000).
Because a court’s decision whether to grant an evidentiary hearing on a rule 3.851 motion is ultimately based on written materials before the court, its ruling is tantamount to a pure question of law, subject to de novo review. See State v. Coney, 845 So.2d 120, 137 (Fla.2003) (stating that “pure questions of law” that are discernible from the record “are subject to de novo review”). Accordingly, when reviewing a court’s summary denial of an initial rule 3.851 motion, we must accept the movant’s factual allegations as true, and we will affirm the ruling only if the filings show that the movant has failed to state a facially sufficient claim or that there is no issue of material fact to be determined. See Amendments to Fla. Rules of Crim. Proc. 3.851, 3.852 & 3.993, 772 So.2d 488, 491 n. 2 (Fla.2000). However, to the extent there is any question as to whether a rule 3.851 movant has made a facially sufficient claim requiring a factual determination, we will presume that an evidentiary hearing is required. See generally id. In other words, “[w]e must examine each claim to determine if it is legally sufficient, and, if so, determine whether or not the claim is refuted by the record.” Atwater v. State, 788 So.2d 223, 229 (Fla.2001).
Based on a review of the record, we find the prosecutor’s comments during the penalty phase which Long contests were proper in context. Trial counsel cannot be deemed ineffective for failing to object to arguments that are proper. Rogers v. State, 957 So.2d 538, 548 (Fla.2007).
CONCLUSION
Based on the foregoing, we affirm the trial court’s denial of Long’s postconviction motion.
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, CANADY, LABARGA, and PERRY, JJ., concur.
QUINCE, J., recused.

. The claims were: (1) Long never entered a lawful guilty plea; (2) trial counsel was ineffective for failing to explain the full scope of the plea agreement to Long or consider Long’s mental illness; (3) Long should be able to withdraw his guilty plea; (4) trial counsel was ineffective at all stages of his proceedings; (5) prosecutorial misconduct throughout the proceedings violated Long’s constitutional rights; (6) trial counsel was ineffective for failing to move to suppress Long's confession and the other evidence illegally seized as a result of the illegal search; (7) the trial court and State unconstitutionally misled the jury as to its responsibility in the sentencing of Long; and (8) penalty phase counsel was ineffective for not calling witnesses regarding Long’s motion to withdraw his plea.