# Supreme Court of Florida

_____

No. SC14-142
_____

**TAI A. PHAM,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

_____

No. SC14-1248
_____

**TAI A. PHAM,**
Petitioner,

vs.

**JULIE L. JONES, etc.,**
Respondent.

[November 5, 2015]

PER CURIAM.

Tai Pham appeals an order of the circuit court denying his motion to vacate

his sentence of death filed under Florida Rule of Criminal Procedure 3.851, and

petitions this Court for a writ of habeas corpus. We have jurisdiction. See art. V,

§ 3(b)(1), (9), Fla. Const.  For the following reasons, we affirm the circuit court's denial of postconviction relief and deny Pham's petition for a writ of habeas corpus.

## STATEMENT OF THE CASE & FACTS

Tai Pham was convicted in 2008 in Seminole County for the first-degree murder of his estranged wife Phi Pham, the attempted first-degree murder of her boyfriend Christopher Higgins, the armed kidnapping of his stepdaughter Lana Pham, and armed burglary.  Pham v. State, 70 So. 3d 485 (Fla. 2011).  This Court summarized the facts as follows:

> Pham entered Phi's apartment where her oldest daughter, his stepdaughter Lana, was alone and awaiting Phi's return.  After binding Lana, Pham hid in her bedroom for an hour, then stabbed Phi at least six times as she entered the room.  Prior to returning to the apartment, Phi and Higgins were together at a party and returned in different vehicles.  Phi's stabbing occurred while Higgins secured his motorcycle outside.  Once Higgins entered the apartment, he struggled with Pham.  During the struggle, Lana was able to get free and call the police.  Higgins was severely injured during the struggle, but was able to subdue Pham until the police arrived.

Id. at 491.  After the penalty phase, the jury recommended the death sentence by a vote of ten to two.  Id.  After the Spencer[1] hearing, the trial court found that the

---

1.  Spencer v. State, 615 So. 2d 688 (Fla. 1993).

aggravating circumstances[2] outweighed the mitigating circumstances[3] and entered

a sentence of death. Id. Pham raised seven issues on appeal.[4] Id. After reviewing

---

2. The trial court found the following aggravating circumstances: (1) Pham was previously convicted of another capital felony or of a felony involving the use or threat of violence to the person—great weight; (2) the capital felony was committed while the defendant was engaged, or was an accomplice in the commission of or attempt to commit or flight after committing or attempting to commit robbery; sexual battery; aggravated child abuse; abuse of an elderly person or disabled adult resulting in great bodily harm, permanent disability, or permanent disfigurement; arson; burglary; kidnapping; aircraft piracy; or unlawful throwing, placing, or discharging of a destructive device or bomb—moderate weight; (3) the capital felony was especially heinous, atrocious, or cruel—great weight; (4) the capital felony was a homicide and was committed in a cold, calculated, and premeditated manner without any pretense of moral or legal justification—no evidence of any moral or legal justification was presented and argued.

3. The trial court considered the following mitigating circumstances: (1) the capital felony was committed while Pham was under the influence of extreme mental or emotional disturbance; the court did not find "extreme" mental or emotional disturbance—moderate weight as a non-statutory mitigator; (2) Pham's capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was substantially impaired—moderate weight as a non-statutory mitigator; (3) existence of any other factor in Pham's background—great weight; (4) Defendant had a stable employment history—some weight; (5) Pham was a good father and caring husband—not established; (6) Pham cared for his sister's children for two weeks while their parents recuperated from a car accident—not a mitigating circumstance.

4. Pham raised the following issues on appeal: (1) the prosecutor's improper statements during closing arguments entitle him to a new trial, (2) juror misconduct entitles him to a new penalty phase, (3) the trial court erred in finding the prior violent felony aggravator, (4) his death sentence is unconstitutional because the aggravating circumstances were not alleged in the charging document, (5) the trial court erred in finding the murder was heinous, atrocious, or cruel (HAC), (6) the trial court erred in finding the murder cold, calculated, and premeditated (CCP),

the issues raised by Pham in addition to the sufficiency of the evidence, this Court affirmed Pham's convictions and sentences. Id. at 503.

On February 25, 2013, Pham filed his Motion to Vacate Judgment of Conviction and Sentence of Death raising twenty-one claims.[5] Pham withdrew the first claim, and did not request an evidentiary hearing for claims 8, 16, 17, and 19-20. The circuit court summarily denied claims 2, 3, 14, and 18, and held an evidentiary hearing on the remaining claims on October 8, and 28-31, 2013. After

and (7) that his death sentence is not proportionate. Additionally, the Court reviewed the sufficiency of the evidence to support Pham's conviction.

5. Pham raised the following claims in his postconviction motion:
(1) Ineffective Assistance of Counsel (IAC) relating to blood evidence;
(2) IAC relating to alleged juror racial bias;
(3) IAC relating to Dr. Bulic's testimony in the guilt phase;
(4) IAC relating to disqualifying the judge;
(5) IAC relating to the victim's mother's forgiveness;
(6) IAC relating to propensity for violence;
(7) IAC relating to the impeachment of Christopher Higgins;
(8) cumulative error in the guilt phase;
(9) IAC relating to failure to investigate mitigation;
(10) IAC relating to records from the Illinois Department of Children and Families;
(11) IAC relating to records from the Florida State Hospital;
(12) IAC relating to mental health evaluations;
(13) IAC relating to the failure to investigate and present mitigation;
(14) IAC relating to Dr. Bulic's testimony in the penalty phase;
(15) IAC relating to the victim's mother's forgiveness;
(16) IAC relating to victim impact statement;
(17) cumulative error in the penalty phase;
(18) Vienna Convention violation;
(19) cumulative error overall;
(20) identity of the executioners; and
(21) incompetency at time of execution.

the evidentiary hearing, the court denied relief. Pham now appeals, raising four issues and has also filed a petition for a writ of habeas corpus.

## ANALYSIS

First, regarding the circuit court's summary denial of some of Pham's claims on appeal, we review de novo. See Davis v. State, 142 So. 3d 867, 875 (Fla.) (citation omitted), cert. denied, 135 S. Ct. 15 (2014). The summary denial of a postconviction claim will be upheld if the motion is legally insufficient or its allegations are conclusively refuted by the record. Id.; see also Rutherford v. State, 926 So. 2d 1100, 1108 (Fla. 2006) (citing Hodges v. State, 885 So. 2d 338, 355 (Fla. 2004)). After a review of the pleadings and record, we find that the circuit court properly summarily denied these claims. We now turn to Pham's remaining issues on appeal.

### Ineffective Assistance of Trial Counsel

The circuit court granted an evidentiary hearing to consider Pham's allegations of several instances of ineffective assistance of trial counsel. In accordance with Strickland v. Washington, 466 U.S. 668 (1984), we employ the following standard of review:

> First, the claimant must identify particular acts or omissions of the lawyer that are shown to be outside the broad range of reasonably competent performance under prevailing professional standards. Second, the clear, substantial deficiency shown must further be demonstrated to have so affected the fairness and reliability of the proceeding that confidence in the outcome is undermined.

Long v. State, 118 So. 3d 798, 805 (Fla. 2013) (quoting Bolin v. State, 41 So. 3d

151, 155 (Fla. 2010)).  Additionally:

> There is a strong presumption that trial counsel's performance was not deficient.  See Strickland, 466 U.S. at 690.  "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."  Id. at 689.  The defendant carries the burden to "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' "  Id. (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).  "Judicial scrutiny of counsel's performance must be highly deferential."  Id.  "[S]trategic decisions do not constitute ineffective assistance of counsel if alternative courses have been considered and rejected and counsel's decision was reasonable under the norms of professional conduct."  Occhicone v. State, 768 So. 2d 1037, 1048 (Fla. 2000).  Furthermore, where this Court previously has rejected a substantive claim on the merits, counsel cannot be deemed ineffective for failing to make a meritless argument.  Melendez v. State, 612 So. 2d 1366, 1369 (Fla. 1992).
>
> In demonstrating prejudice, the defendant must show a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Strickland, 466 U.S. at 694.

Long, 118 So. 3d at 805-06.

> Because both prongs of the Strickland test present mixed questions of law and fact, this Court employs a mixed standard of review, deferring to the circuit court's factual findings that are supported by competent, substantial evidence, but reviewing the circuit court's legal conclusions de novo.

Shellito v. State, 121 So. 3d 445, 451 (Fla. 2013) (citing Mungin v. State, 79 So.

3d 726, 737 (Fla. 2011); Sochor v. State, 883 So. 2d 766, 771-72 (Fla. 2004)).

First, Pham alleges that trial counsel failed to thoroughly investigate possible mitigation. During the postconviction evidentiary hearing, Pham presented testimony from his mother, Nho Thi Nguyen; his sisters, Kim Oanh Pham, Thuy Thi Nga Hang Pham,[6] and Thi Ngoc Anh Pham; and his brother, Anh Tuan Pham. They testified to the conditions into which Pham was born and from which he escaped. Additionally, Pham presented the records from the Illinois Department of Children and Family Services (DCF) as well as testimony from Dawn Saphir-Pruett, a DCF closed record specialist; Susan Otteson, a school counselor who evaluated Pham; Verl Johnson-Vinstrand, a case worker familiar with Pham; and Dr. Tam Thi Dang Wei, a psychologist who was called in because Pham was having trouble adapting. The family members, social workers, and mental health professionals all testified regarding Pham's difficult childhood as a "boat person." The circuit court found that Pham "demonstrated at the evidentiary hearing that trial counsel failed to contact the members of [his] family who lived outside the United States, failed to obtain records from the Illinois Department of Children and Families, and failed to obtain complete records from the Florida State Hospital [(FSH)]." Further, the circuit court found that "counsel did not provide a satisfactory explanation for the failure to obtain much of this evidence." However,

_____

6. Thuy Thi Nga Hang Pham is not the same sister who testified at Pham's trial, Theynga Pham, who was referred to as Thuy on direct appeal.

the court found that counsel's decision not to obtain the FSH records "because of his knowledge of negative information contained therein was reasonable." Likewise, the court found that counsel's failure to provide the materials to mental health experts was not found to be ineffective assistance "simply because collateral counsel has discovered witnesses who gave more favorable diagnoses. . . ." However, the circuit court reasoned that Pham was unable to establish prejudice, finding, "While this information could easily have been discovered, there is no possibility that it would have altered the jury's recommendation or [the court's] weighing of the aggravating and mitigating circumstances." Additionally, the court noted that the sentencing court "already gave great weight to mitigation from [Pham's] background as it related to his escape from Vietnam and his upbringing in Illinois." Lastly, the circuit court found that "evidence of substance abuse would have been either irrelevant or so speculative as to have no probative value." Accordingly, the circuit court found that Pham did not establish prejudice. Competent, substantial evidence supports the circuit court's determination.

During the penalty phase, Pham presented the testimony of his older sister, Thuy, as well as other character evidence from his niece, brother-in-law, and former employers. However, it was Thuy's testimony about their difficult childhood, imprisonment, escape, and time as refugees, in addition to the Canadian Broadcasting Corporation's documentary about "boat people" and the testimony of

Thuog Foshee, that prompted the trial court to find and give great weight to the mitigation of "existence of any other factor in the Defendant's background." The evidence adduced at the evidentiary hearing from Pham's family members and Illinois social workers was merely cumulative to that heard at trial: that Pham's childhood was—in a word—inauspicious. Because we have "repeatedly held that counsel is not ineffective for failing to present cumulative evidence," Jones v. State, 998 So. 2d 573, 586 (Fla. 2008), Pham has not demonstrated prejudice in this regard. See McLean v. State, 147 So. 3d 504, 513 (Fla. 2014) ("McLean has not established prejudice because '[t]he mitigating evidence adduced at the evidentiary hearing combined with the mitigating evidence presented at the penalty phase would not outweigh the evidence in aggravation[.]' Tanzi v. State, 94 So. 3d 482, 491 (Fla. 2012). Therefore, there is not a reasonable probability that additional evidence of McLean's ADHD would have led to a different result. Our confidence in the outcome is not undermined.").

Likewise, Pham is unable to demonstrate that counsel was ineffective for failing to obtain the records from his confinement at the Florida State Hospital (FSH). Counsel testified that the reports included incidents of violence against the staff and that the decision not to obtain the records was based on the negative information contained within them. This was a reasonable strategic decision. See Nelson v. State, 43 So. 3d 20, 32 (Fla. 2010) ("[I]t is reasonable for trial counsel to

- 9 -

forego evidence that, if presented in mitigation, could damage a defendant's chances with the jury. . . .").  Moreover, the experts who testified during the Spencer hearing did review these records.  Pham thus cannot demonstrate that he was prejudiced by counsel's failure to obtain the FSH records.

Last, Pham's contention that counsel was ineffective for failing to present additional mental health evaluations is without merit.  As we have repeatedly stated, trial counsel is not deficient simply because postconviction counsel can find a more favorable expert.  See Hoskins v. State, 75 So. 3d 250, 255 (Fla. 2011) (" 'This Court has repeatedly held that counsel's entire investigation and presentation will not be rendered deficient simply because a defendant has now found a more favorable expert.' ") (quoting Card v. State, 992 So. 2d 810, 818 (Fla. 2008)).  The trial court found and gave moderate weight to the mitigating factor that Pham was experiencing an emotional disturbance at the time of the crime.  Accordingly, Pham cannot establish that he was prejudiced by counsel's alleged omission and the circuit court properly denied relief on this claim.

Pham has not established "that counsel's ineffectiveness deprived [him] of a reliable penalty phase proceeding." Robinson v. State, 95 So. 3d 171, 178 (Fla. 2012).  Therefore, we affirm the lower court's denial of these claims.

**Impeachment**

Next, Pham alleges that he received ineffective assistance of counsel because trial counsel failed to impeach Christopher Higgins during the guilt phase. Because Pham cannot establish both prongs under Strickland, the court properly denied relief.

The postconviction court found that counsel was aware of Higgins' convictions and "could not offer any strategic explanation for failing to ask the witness whether he had been convicted of any felonies or crimes of dishonesty." Nevertheless, the circuit court found that Pham could not establish prejudice because the evidence of his guilt was overwhelming:

> The victim's daughter was an eyewitness to the events and her testimony was corroborated not only by Higgins' testimony, but also by the first responding law enforcement officers, the 911 tape, and the physical evidence.

We find that the circuit court did not err. See Kormondy v. State, 983 So. 2d 418, 432 (Fla. 2007); Lamarca v. State, 931 So. 2d 838, 851 (Fla. 2006); Mansfield v. State, 911 So. 2d 1160, 1174 (Fla. 2005).

**Cumulative Error**

Lastly, Pham contends that the cumulative effect of errors identified in this case deprived him of a fundamentally fair trial and undermines confidence in the result of his capital proceedings. The circuit court denied these three claims—all

relating to cumulative error—because it found each of the individual claims without merit.

As we have previously stated, "where the alleged errors urged for consideration in a cumulative error analysis are individually 'either procedurally barred or without merit, the claim of cumulative error also necessarily fails.' " Hurst v. State, 18 So. 3d 975, 1015 (Fla. 2009) (quoting Israel v. State, 985 So. 2d 510, 520 (Fla. 2008)).

## HABEAS PETITION

### Ineffective Assistance of Appellate Counsel

In Pham's Petition for a Writ of Habeas Corpus, he refashions one argument from his direct appeal into a claim of ineffective assistance of appellate counsel and fashions a second argument as an alternative claim from his postconviction appeal. We find both claims without merit.

On direct appeal, Pham alleged that certain members of the venire prejudged him based on his nationality, and now alleges that appellate counsel was ineffective for failing to raise a specific claim regarding the trial court's denial of Pham's motion to interview jurors. Secondly, Pham asserts that should this Court

find that his Crawford[7] claim is procedurally barred because it should have been raised on direct appeal, appellate counsel was ineffective for failing to do so.

Claims of ineffective assistance of appellate counsel are properly raised in a petition for writ of habeas corpus. See Jackson v. State, 127 So. 3d 447, 476 (Fla. 2013) (citing Freeman v. State, 761 So. 2d 1055, 1069 (Fla. 2000)). "In raising such a claim, the defendant has the burden of alleging a specific, serious omission or overt act upon which the claim of ineffective assistance of counsel can be based." Id. (internal quotation marks and alterations omitted); see also Knight v. State, 394 So. 2d 997, 1001 (Fla. 1981). Consistent with the Strickland standard, to grant habeas relief based on ineffective assistance of counsel, this Court must determine:

> first, whether the alleged omissions are of such magnitude as to constitute a serious error or substantial deficiency falling measurably outside the range of professionally acceptable performance and, second, whether the deficiency in performance compromised the appellate process to such a degree as to undermine confidence in the correctness of the result.

Pope v. Wainwright, 496 So. 2d 798, 800 (Fla. 1986); see also Freeman, 761 So. 2d at 1069; Thompson v. State, 759 So. 2d 650, 660 (Fla. 2000). However, a petition for habeas corpus is not the proper method for raising a claim that could have or should have been raised on appeal or in a postconviction proceeding. Mills

---

7. Crawford v. Washington, 541 U.S. 36 (2004).

- 13 -

v. Dugger, 559 So. 2d 578, 579 (Fla. 1990) ("Habeas corpus is not to be used for additional appeals of issues that could have been, should have been, or were raised on appeal or in other postconviction motions."). Furthermore, "[i]f a legal issue 'would in all probability have been found to be without merit' had counsel raised the issue on direct appeal, the failure of appellate counsel to raise the meritless issue will not render appellate counsel's performance ineffective." Rutherford v. Moore, 774 So. 2d 637, 643 (Fla. 2000) (quoting Williamson v. Dugger, 651 So. 2d 84, 86 (Fla. 1994)). Additionally, appellate counsel is not "necessarily ineffective for failing to raise a claim that might have had some possibility of success; effective appellate counsel need not raise every conceivable nonfrivolous issue." Valle v. Moore, 837 So. 2d 905, 908 (Fla. 2002) (emphasis removed).

Pham's first subclaim, that appellate counsel was ineffective for failing to raise a specific claim regarding his motion to interview jurors, misapprehends the record. Notably, appellate counsel addressed the juror bias on appeal despite not raising a separate claim regarding the denial of the motion to interview jurors. Such a claim would have been without merit because, as noted by the State, trial counsel was asked whether he wished to continue to interview jurors and declined. Accordingly, appellate counsel cannot be found ineffective for failing to raise a meritless claim.

Because we did not find any of Pham's claims procedurally barred, his second subclaim is likewise without merit.

**CONCLUSION**

For the foregoing reasons, we affirm the circuit court's denial of Pham's motion for postconviction relief and deny his petition for a writ of habeas corpus.

It is so ordered.

LABARGA, C.J., and LEWIS, POLSTON, and PERRY, JJ., concur.
PARIENTE, J., concurs in result with an opinion, in which QUINCE, J., concurs.
CANADY, J., concurs in result.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

PARIENTE, J., concurring in result.

I agree with the ultimate result reached by the majority to affirm the denial of postconviction relief. I write because I respectfully disagree with the majority's decision to address the performance component of Pham's ineffective assistance of counsel claim, where it is clear that Pham cannot establish prejudice. As we have held over and over again, "[a] court considering a claim of ineffectiveness of counsel need not make a specific ruling on the performance component of the test when it is clear that the prejudice component is not satisfied." Turner v. State, 143 So. 3d 408, 415 (Fla. 2014) (quoting Schoenwetter v. State, 46 So. 3d 535, 546 (Fla. 2010)).

But since the majority has chosen to address deficiency, I disagree both with its conclusions regarding that component and with its analysis, which improperly merges the distinct deficiency and prejudice components of the ineffective assistance of counsel test. Indeed, in my view, the majority is unclear as to exactly which aspects of Pham's ineffectiveness claim it is rejecting based on deficiency and which it is rejecting based on prejudice.

For example, the majority states that trial counsel's failure to obtain records from Florida State Hospital (FSH) "was a reasonable strategic decision"—thus apparently concluding that there was no deficiency—but then concludes that Pham "cannot demonstrate that he was prejudiced by counsel's failure to obtain the FSH records." Majority op. at 9-10. The majority is similarly internally inconsistent as to Pham's claim that trial counsel was ineffective for failing to present additional mental health evaluations, stating on the one hand that "trial counsel is not deficient simply because postconviction counsel can find a more favorable expert," while also stating, on the other hand, that "Pham cannot establish that he was prejudiced by counsel's alleged omission." Id. at 10.

While I agree that Pham has not established prejudice and is therefore not entitled to relief, if the majority is going to address deficiency, it should clearly conclude that trial counsel's failure to investigate mitigation did in fact constitute deficient performance. See, e.g., Hardwick v. Sec'y, Fla. Dep't of Corr., 25 Fla. L.

Weekly Fed. C1624, C1626, 2015 WL 5474275, at *6 (11th Cir. Sept. 18, 2015) ("[A] decision not to put on mitigating evidence is only reasonable, and thus due deference, to the extent it is based on a professionally reasonable investigation."). In its order, the postconviction court found that Pham "demonstrated at the evidentiary hearing that trial counsel failed to contact the members of [Pham's] family who lived outside the United States, failed to obtain records from the Illinois Department of Children and Family Services, and failed to obtain the complete records from the Florida State Hospital." The postconviction court further found that "[t]rial counsel did not provide a satisfactory explanation for the failure to obtain much of this evidence."

Nevertheless, the postconviction court cogently reasoned that Pham was unable to establish prejudice as a result of these failures—regardless of a specific finding of deficiency—because, "[w]hile this information could easily have been discovered, there is no possibility that it would have altered the jury's recommendation or [the sentencing court's] weighing of the aggravating and mitigating circumstances." Likewise, the postconviction court carefully detailed the mitigation presented during the penalty phase and noted that the sentencing court "already gave great weight to mitigation from [Pham's] background as it related to his escape from Vietnam and his upbringing in Illinois."

- 17 -

The postconviction court's factual findings in this regard are supported by competent, substantial evidence, and the court did not err in its legal conclusions. Accordingly, I would affirm the reasoning contained in the postconviction court's detailed order denying relief and hold that, despite the failures in trial counsel's mitigation investigation, there is no prejudice. Although there was no valid excuse for counsel's failure to explore this very fruitful avenue of mitigation, the postconviction court correctly determined that confidence in the outcome of Pham's penalty phase and sentence of death had not been undermined.

QUINCE, J., concurs.

Two Cases:

An Appeal from the Circuit Court in and for Seminole County,
        Marlene Michelle Alva, Judge - Case No. 592005CF004717A000X
And an Original Proceeding – Habeas Corpus

James Vincent Viggiano, Jr., Capital Collateral Regional Counsel, Middle Region, Raheela Ahmed, Assistant Capital Collateral Regional Counsel, Middle Region, and Maria Christine Perinetti, Assistant Capital Collateral Regional Counsel, Middle Region, Tampa, Florida,

        for Appellant/Petitioner

Pamela Jo Bondi, Attorney General, Tallahassee, Florida, and Stacey E. Kircher, Assistant Attorney General, Daytona Beach, Florida,

        for Appellee/Respondent