# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D16-2077

_____

GREGORY WOODEN,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Alachua County.
Mark W. Moseley, Judge.

April 18, 2018

PER CURIAM.

Gregory Wooden appeals his conviction for possession of narcotics, arguing that the traffic stop that led to his arrest was unconstitutionally prolonged in order to perform a dog sniff search.

At approximately midnight on September 30, 2015, Wooden was driving on I-75 when he was pulled over by an officer due to an improper lane change that cut off a semi-truck. At the initiation of the traffic stop, the officer called for a K-9 unit to perform a sniff search of the exterior of Wooden's car. After its arrival approximately sixteen minutes later, and twenty minutes into the stop, the dog alerted to the presence of narcotics, and Wooden was placed under arrest and charged with possession of a controlled substance without a prescription. Wooden moved to suppress the evidence, arguing that the original traffic stop that led to his arrest

was prolonged in order to perform the dog sniff search, contrary to the dictates of *Rodriguez v. United States*, 135 S. Ct. 1609 (2015). The trial court denied the motion, stating that Wooden was "not unreasonably detained during the traffic stop as [the officer] was still in the process of issuing a written warning to the Defendant while the narcotics K-9 alerted to the Defendant's vehicle." Appellant pled nolo contendere to the possession charge, but reserved his right to appeal the denial of the dispositive motion.

In its oral pronouncement, the trial court found that the traffic stop was delayed, characterizing it as "de minimis" and a "very little" delay. As Wooden points out on appeal, the decision in *Rodriguez* does not frame the quantum of permissible delay in these terms. Rather, the "critical question . . . is not whether the dog sniff occurs before or after the officer issues a ticket, . . . but whether conducting the sniff 'prolongs'—*i.e.,* adds time to—'the stop.'" 135 S. Ct. at 1616.

Because the trial court concluded that time was added, which delayed the traffic stop before the dog sniff was performed, it was necessary for the trial court to make a baseline finding that the officer had reasonable suspicion to detain Wooden for the prolonged period during which the sniff occurred. Although an officer "may conduct certain unrelated checks during an otherwise lawful traffic stop. . . ., he may not do so in a way that prolongs the stop, absent the reasonable suspicion ordinarily demanded to justify detaining an individual." *Id.* at 1615. Because reasonable suspicion was not addressed below, and because there is no basis in the record to conclude that reasonable suspicion existed to justify prolonging the stop in accordance with *Rodriguez*, we REVERSE the trial court's order denying Wooden's dispositive motion to suppress and REMAND with instructions to vacate his conviction. *See Maldonado v. State*, 992 So. 2d 839, 843 (Fla. 2d DCA 2008).

RAY, MAKAR, and WINSOR, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Andy Thomas, Public Defender, Richard M. Bracey, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, Heather Flanagan Ross, Assistant Attorney General, Tallahassee, for Appellee.