# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-1774

_____

ISRAEL J. WILSON,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Duval County.
Tatiana Salvador, Judge.

May 16, 2019

PER CURIAM.

Israel Wilson ("Wilson") appeals the denial of his motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. He claims ineffective assistance of counsel in failing to file a motion to suppress witness identification, to object to improper closing arguments, and to request a jury instruction that he was proceeding to trial with the aid of medication to treat his mental disorders. Because Wilson's claims are meritless, we affirm.

In July 2010, Wilson was convicted of burglary with an assault or battery, attempted robbery, robbery, and fraudulent use of a credit card. The trial court sentenced him to concurrent terms of life in prison for the burglary offense, ten years in prison each for the attempted robbery and the fraudulent credit card use

offenses, and thirty years in prison for the robbery offense. He was designated a habitual felony offender and a prison releasee reoffender. His judgment and sentence were per curiam affirmed on December 8, 2011. *Wilson v. State*, 75 So. 3d 728 (Fla. 1st DCA 2011) (table decision).

To succeed on claims of ineffective assistance of counsel, Wilson must show that his trial counsel's performance was deficient and that such deficient performance prejudiced the defense so as to deprive him of a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show deficiency, he must demonstrate that counsel's representation fell below an objective standard of reasonableness based on professional norms. *See Odegaard v. State*, 137 So. 3d 505, 507 (Fla. 2d DCA 2014). To satisfy the prejudice prong, Wilson must show that, but for the error, there was a reasonable probability the outcome would have been different. *Jones v. State*, 998 So. 2d 573, 584 (Fla. 2008).

Regarding ground one, failure to file a motion to suppress out-of-court and in-court identifications, the trial court attached portions of the record to show that this claim was without merit. Counsel cannot be deemed ineffective if the motion to suppress would have been meritless. *See Johnston v. State*, 63 So. 3d 730, 740 (Fla. 2011).

On ground two, failure to object to improper closing arguments, in order to prevail on an ineffective assistance of counsel claim for failing to object to comments made during closing arguments, Wilson must show that the comments were objectionable and that there was no tactical reason for failing to object. *See Wickham v. State*, 124 So. 3d 841, 860 (Fla. 2013); *Stephens v. State*, 975 So. 2d 405, 420 (Fla. 2007). He must also show that the comments were so prejudicial that they deprived him of a fair trial. *Stephens*, 975 So. 2d at 420. Wilson fails to demonstrate any deficiency of counsel in failing to object to the above comments by the State. A review of the closing arguments shows that the comments were made in rebuttal to defense counsel on the same subject; therefore, they were an "invited response" and not improper. *See Walls v. State*, 926 So. 2d 1156, 1166 (Fla. 2006).

Finally, in his third ground, failure to request a jury instruction to explain his use of psychotropic medication, the trial court properly dismissed this claim as untimely. Wilson's amended motion for post-conviction relief raising this claim was not filed within two years of this Court's mandate. As he raised a new claim rather than simply providing additional allegations to his original two claims, the time requirements in Rule 3.850(b) applied to the amended motion. *See Lanier v. State*, 826 So. 2d 460, 461-62 (Fla. 1st DCA 2002).

AFFIRMED.

LEWIS, WINSOR, and M.K. THOMAS, JJ., concur.

————————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

————————————————

Israel J. Wilson, pro se, Appellant.

Ashley Moody, Attorney General, Tallahassee, for Appellee.

3