# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D19-2572
_____

KAREN ANDERSON,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Columbia County.
Paul S. Bryan, Judge.

September 14, 2020


PER CURIAM.

Karen Anderson appeals an order summarily denying her motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850. For the reasons that follow, we reverse and remand for further proceedings.

Anderson is serving an eight-year prison term after a jury convicted her of trafficking in amphetamine. This Court per curiam affirmed her judgment and sentence on direct appeal. *Anderson v. State*, 241 So. 3d 95 (Fla. 1st DCA 2018).

In her motion for postconviction relief, Anderson asserted her attorney was ineffective for failing to file a motion to suppress evidence seized in violation of her Fourth Amendment right to be

free from unreasonable searches and seizures. She contended the traffic stop leading to her arrest was unconstitutionally prolonged in order to perform a dog-sniff search of the vehicle, and therefore the evidence obtained as a result of the search was inadmissible at trial.

As the factual basis for her motion, Anderson alleged that she was a passenger in a vehicle that was pulled over for running a stop sign. After initiating a driver's license check with dispatch, the officer who made the stop told the driver that he was not going to issue a citation for the infraction; instead, he would give the driver a warning after the information came back from dispatch. When the officer returned to the vehicle a third time, he informed the driver that his driver's license was valid and that he "was good to go" once the officer finished writing up the warning. Three minutes later, the officer told Anderson and the driver to get out of the vehicle. The K-9 unit then conducted a sniff search, which yielded incriminating evidence that led to Anderson's arrest.

The postconviction court denied Anderson's motion, concluding it was legally meritless and refuted by the record. The court first cited portions of the trial transcript to show that the dog sniff occurred while the officer was still working on the written warning. The court also relied on *State v. Griffin*, where this Court explained that "dog sniffs that occur within a short time following the completion of a traffic stop are not constitutionally prohibited if they constitute only *de minimis* intrusions on the defendant's Fourth Amendment rights." 949 So. 2d 309, 315 (Fla. 1st DCA 2007) (quoting *U.S. v. Alexander*, 448 F.3d 1014, 1016 (8th Cir. 2006)). The court reasoned that, even assuming Anderson's version of events is accurate, "the stop was not conducted in an unreasonable manner, and the slight delay was not unreasonable." This appeal followed.

We review the summary denial of a motion for postconviction relief under rule 3.850 de novo, and we will affirm the lower court's order only where the claims are facially invalid or conclusively refuted by the record. *Hill v. State*, 258 So. 3d 577, 579 (Fla. 1st DCA 2018). To prevail on a claim of ineffective assistance of counsel, a defendant must: (1) specifically identify the acts or omissions of counsel that fell below a standard of reasonably

2

competent performance as measured by prevailing professional norms, and (2) show that there is a reasonable probability that the outcome of the trial would have been different but for counsel's deficient performance. *Martin-Godinez v. State*, 290 So. 3d 144, 146 (Fla. 1st DCA 2019). Both prongs must be satisfied; if counsel's performance was not deficient under the first prong, then there is no need for a reviewing court to address prejudice under the second prong. *Long v. State*, 118 So. 3d 798, 805 (Fla. 2013). Counsel is not ineffective for failing to file a motion to suppress evidence if the motion would have lacked merit. *Wilson v. State*, 271 So. 3d 1237, 1238 (Fla. 1st DCA 2019).

In *Rodriguez v. United States*, 575 U.S. 348, 353 (2015), the United States Supreme Court addressed "whether police routinely may extend an otherwise-completed traffic stop, absent reasonable suspicion, in order to conduct a dog sniff." The Supreme Court explained:

> Like a *Terry* stop, the tolerable duration of police inquiries in the traffic-stop context is determined by the seizure's "mission"—to address the traffic violation that warranted the stop and attend to related safety concerns. Because addressing the infraction is the purpose of the stop, it may "last no longer than is necessary to effectuate th[at] purpose." Authority for the seizure thus ends when tasks tied to the traffic infraction are—*or reasonably should have been*—completed.

*Id.* at 354 (emphasis added) (internal citations omitted). The court went on to note that "[t]he critical question, then, is not whether the dog sniff occurs before or after the officer issues a ticket, . . . but whether conducting the sniff 'prolongs'—*i.e.*, adds time to— 'the stop.'" *Id.* at 357. "Courts interpreting *Rodriguez* have emphasized the importance of conducting a detailed, minute-by-minute analysis of the stop to determine if the stop was prolonged." *Vangansbeke v. State*, 223 So. 3d 384, 386 (Fla. 5th DCA 2017).

Here, Anderson argues that, as in *Rodriguez*, law enforcement unlawfully prolonged the traffic stop in order to conduct the dog sniff without the reasonable suspicion required to justify detaining an individual. The limited record attached to the postconviction

3

court's order does not conclusively refute this claim. Additionally, the court's conclusion that any delay caused by the officers was "slight," and thus constitutionally permissible, misses the mark after *Rodriguez*. *See Wooden v. State*, 244 So. 3d 1170, 1171 (Fla. 1st DCA 2018) ("Because the trial court concluded that time was added, which delayed the traffic stop before the dog sniff was performed, it was necessary for the trial court to make a baseline finding that the officer had reasonable suspicion to detain [the defendant] for the prolonged period during which the sniff occurred.").

Accordingly, we reverse the postconviction court's order summarily denying Anderson's ineffective assistance of counsel claim and remand for an evidentiary hearing or record attachments conclusively refuting the allegations.

REVERSED and REMANDED for further proceedings.

RAY, C.J., and B.L. THOMAS and KELSEY, JJ., concur.

―――――――――――――――――――

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

―――――――――――――――――――

Karen Anderson, pro se, Appellant.

Ashley Moody, Attorney General, and Jennifer J. Moore, Assistant Attorney General, Tallahassee, for Appellee.