# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2022-2275

_____

SARA RIDGEWAY,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Dixie County.
Jennifer Jones Johnson, Judge.

July 17, 2024

B.L. THOMAS, J.

Sara Ridgeway challenges her judgment and sentence following a plea where she reserved the right to appeal the denial of a dispositive motion to suppress. For the following reasons, we agree and reverse.

Here, a citizen approached a law enforcement officer and told him a woman in a nearby car was using drugs or could possibly be having a seizure. The officer approached the vehicle, and Appellant was in the car with her head on the steering wheel, possibly sleeping. Appellant rolled down her window, and the officer asked her to step out of the car. She accidentally put the car in reverse before she got out, but she quickly stopped it. When she

stepped out the car began to roll back again, and she put the car in park.

When the officer arrived, he could see there was no medical emergency, so he did not call EMS. The officer did not smell alcohol or marijuana. Appellant was not swaying or slurring her words. The officer did not see any paraphernalia in the car. He did not see any furtive movements.

Appellant told the officer how embarrassed she was at being detained at the gas station. She was pacing and stayed close to the car; she indicated her child was in the car.

The officer asked for consent to search her car but she declined. The officer then called an officer with a dog, who took about 10 minutes to arrive. The dog alerted, and the car was searched, which led to her arrest.

A suspect can be detained if there was reasonable suspicion of criminal activity. The investigation into that suspicion can be for a reasonable period of time. *See Flowers v. State*, 290 So. 3d 642, 644 (Fla. 1st DCA 2020). But once the investigation is over, the detention must stop. *Rodriguez v. United States*, 575 U.S. 348, 357 (2015). There is no de minimis exception to an unlawful detention. *Wooden v. State*, 244 So. 3d 1170, 1171 (Fla. 1st DCA 2018).

Here, the tip provided a basis for approaching Appellant. But after the officer's initial investigation revealed no indication of medical emergency or drug use, there was no reasonable suspicion to hold Appellant for an additional 10 minutes to wait for the K-9 to arrive. Accordingly, the trial court erred in denying the motion to suppress.

REVERSED.

BILBREY and TANENBAUM, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____


Jessica J. Yeary, Public Defender, and Lori A. Willner, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Christina Day Piotrowski, Assistant Attorney General, Tallahassee, for Appellee.